JOSEPH D. STRANAD *vs.* COMMONWEALTH. November 7, 1974. This bill of exceptions arises out of a denial by a single justice of this court of a petition for stay of execution of a sentence and admission to bail pending appeal. The defendant was convicted, after a jury trial in the Superior Court, of possession of methamphetamine with intent to distribute and possession of marihuana with intent to distribute. He was sentenced on October 11, 1973, to a term of twenty months in a house of correction and a fine of $1,000. He claimed an appeal and thereafter filed a motion to be admitted to bail pending appeal. The trial judge denied his motion. On February 6, 1974, a single justice of this court, after a hearing, denied a petition for stay of execution and admission to bail pending appeal. G. L. c. 279, § 4. The defendant claimed an exception and thereafter filed this bill of exceptions. We find no error. The affidavit of defense counsel in support of the petition claims only one assertion in prior proceedings in the Superior Court of an objection or exception by the defendant. That exception concerned the allowance by the judge, during the trial, of a motion by the Commonwealth to amend the indictments by more particularly describing the narcotic involved. Subject to the requirement that the defendant not be prejudiced in his defense, the allowance of a motion to amend is within the discretion of the trial judge. G. L. c. 277, § 35A. Compare *Commonwealth* v. *Binkiewicz,* 342 Mass. 740,

747-748 (1961), with *Commonwealth* v. *Snow*, 269 Mass. 598, 609-610 (1930). The defendant has not provided us with copies of the indictments, original or amended, and in so far as we can determine from the sparse record before us, the amendment was a proper exercise of the trial judge's discretion. Furthermore, the defendant did not brief the issue and it may be deemed waived. *Commonwealth* v. *Ellis*, 356 Mass. 574, 575 (1970). The affidavit also describes a series of evidentiary matters, but it is expressly stated that no objection or exception was asserted by the defendant as to these rulings. Thus as to these matters no question of law is brought to this court. *Commonwealth* v. *Underwood*, 358 Mass. 506, 509 (1970). The petition in this court was addressed to the discretion of the single justice. G. L. c. 279, § 4. *Lebowitch, petitioner,* 235 Mass. 357, 363 (1920). *Fine* v. *Commonwealth,* 312 Mass. 252, 261 (1942). There was no abuse of discretion in the ruling of the single justice. In fact the assertions of the affidavit would give meager support to a contrary ruling. If any real possibility of legal error exists in the proceedings below, defense counsel has not served his client well by pressing for multiple and time consuming reviews of the vague assertions of the petition and affidavit. A more precise statement for relief was called for in this proceeding and counsel should have concurrently pressed for speedy disposition of the appeal on the merits. That defense counsel has failed to take the latter step is another indication that the appeal may lack merit.

*Exceptions overruled.*

The case was submitted on briefs.

*Francis B. Kenney* for the plaintiff.

*John J. Droney*, District Attorney, *Terence M. Troyer & Bonnie H. MacLeod-Griffin*, Assistant District Attorneys, for the Commonwealth.