ANTHONY COMMESSO vs. COMMONWEALTH.

Suffolk.　November 3, 1975. — December 29, 1975.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Bail. Practice, Criminal, Bail, Appeal.*

A single justice of this court has jurisdiction under G. L. c. 211, § 3,
to review bail determinations under c. 276, § 58, as appearing in
St. 1971, c. 473, § 1 [371-374]; upon review of a bail determina-
tion by a Superior Court judge the single justice has the power to
consider the matter anew, take into account facts newly presented,
and exercise judgment and discretion; he need not remand the
matter for consideration by the Superior Court judge [372].
This court had jurisdiction under G. L. c. 211, §§ 5, 6, to review
questions of law arising in a bail determination by a single justice
under c. 276, § 58. [372]
Statement of the duty of a District Court judge under G. L. c. 276,
§ 58, upon hearing a prisoner's application for bail. [372-373]
Upon hearing a petition for review of a determination by a District
Court judge on a prisoner's application for bail, a judge of the Su-
perior Court, "in accordance with the standards set forth" in G. L.
c. 276, § 58, and governing the District Court judge's determina-
tion, must consider the matter anew and exercise his own judgment
and discretion. [373]
Trial of a prisoner should not ordinarily be delayed pending bail re-
view. [374]
The omission from a form used by a District Court judge, in an order
denying the release of a prisoner on his personal recognizance
without surety, of findings required by G. L. c. 276, § 58, did not
invalidate the order, which contained a "summary of the court's
reasons." [374-375]
The fact that upon the conclusion of a probable cause hearing and
the binding over of the defendant for the grand jury the Common-
wealth no longer sought continuances sought before the hearing
did not justify an upward revision of bail by a District Court judge
under G. L. c. 276, § 58, which provides that an order of bail
shall not be revised "because the defendant . . . has been bound
over to the superior court." [376]

No error or abuse of discretion was shown in the denial by a single justice of this court of a petition for reduction in bail .set in the amount of $15,000 by a District Court judge against a defendant charged with serious offenses who had "a long serious record of criminal activity" and whose codefendant fled from the probable cause hearing.   [376]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on April 4, 1975.

The case was heard by *Reardon*, J.

The case was submitted on briefs.

*Joan C. Stanley* for the plaintiff.

*George G. Burke*, District Attorney, & *James Vogt*, Assistant District Attorney, for the Commonwealth.

BRAUCHER, J.   Following a massive study starting in 1965, our Legislature enacted a series of statutes which became the bail reform act now found in G. L. c. 276, § 58, as appearing in St. 1971, c. 473, § 1.   St. 1966, c. 681.   St. 1967, c. 109.   St. 1968, c. 127.   St. 1970, c. 499.   See Spangenberg, Homans & Flaschner, Bail Reform in Massachusetts 1965-1967, 52 Mass. L.Q. 135 (1967); Note, 79 Harv. L. Rev. 1489 (1966); Note, 5 Pac. L.J. 675 (1974); Note, 7 Suffolk L. Rev. 66 (1972).   In the present case, the first to reach us under those statutes, we uphold the decision of a single justice of this court denying a petition for reduction of bail.   We also review the procedure to be followed in such cases.

We summarize the facts shown in the petition and supporting affidavit of counsel.   The petitioner was charged with burglary while armed and assault on occupants, committed on December 11, 1974.   He was arrested at his home on January 8, 1975, and was arraigned the next day in the District Court of East Norfolk.   Bail was set at $2,000 with surety.   On January 21 a petition for review of bail was denied without prejudice in the Superior Court.   He remained in custody until January 24, when, at the request of the Commonwealth, the case was continued for the second time.   Bail was then reduced to personal recognizance with "proba-

tion officer surety," and the petitioner was released from custody. Following two more continuances, the petitioner voluntarily appeared for the third time on March 6. Probable cause was then found, the petitioner was bound over for the grand jury, and bail was raised to $15,000 with surety. The District Court judge filed a form entitled, "Court's Reasons for Bail in the Amount of $15,000"; he checked the item, "Nature of the offense charged, such as its seriousness," and added, under "Further Specifications," "The defendant has a long serious record of criminal activity. The codefendant failed to show at the continued hearing on probable cause." A petition for review of bail was denied in the Superior Court on March 7. A petition for reduction in bail was filed in the county court on April 4 and denied by a single justice of this court on April 9, and the petitioner appealed.

Additional facts rest largely on representations of counsel, unsworn or based on hearsay, but not disputed. We are told that the petitioner is twenty-five years old, has resided in Massachusetts since birth, and now resides in Hingham with his mother, father and sister. A copy of his court record, appended to his brief, shows sixteen charges apparently arising out of nine different incidents, including one felony conviction in 1967, two distinct drug convictions, and convictions of attempted larceny and using an automobile without authority. In May, 1975, he was convicted of larceny over $100 and breaking and entering in the nighttime, on complaints prior to the present one. He had no new arrests and no defaults between January 24 and March 6, 1975. At the time of his arrest he was unemployed. On April 30, 1975, he paid a $755 premium with borrowed money, posted a $15,000 surety bond, and was released. He has since found a job.

The petitioner did not order a transcript of the proceedings before the single justice. The Commonwealth asserts in its brief that at the hearing before the single

justice the prosecutor made the following representations. At the probable cause hearing on March 6, the petitioner and his codefendant sat together and talked freely to their attorney and each other. The victims of the burglary told how the defendants broke into their home and viciously attacked them with a knife and sledge-hammer handle. This was the first opportunity the court had to hear the details of the crime and the first time the defendants heard the testimony of the victims. The court recessed for lunch, and the codefendant fled. After lunch the judge made the determinations now in issue.

1. *Jurisdiction.* The bail reform act was intended "to establish the right of the accused, in most circumstances, to be admitted to bail upon personal recognizance without surety." *Commonwealth* v. *Roukous,* 2 Mass. App. Ct. 378, 381 n.5 (1974). See *Matter of Troy,* 364 Mass. 15, 35 n.10 (1973); *Commonwealth* v. *Lombardo,* 2 Mass. App. Ct. 387, 390-391 (1974); K.B. Smith, Criminal Practice and Procedure §§ 412-417.30 (Supp. 1975). To that end G. L. c. 276, § 58, third paragraph, provides: "A prisoner aggrieved by the denial of a district court justice to admit him to bail on his personal recognizance without surety may petition the superior court for a review of the order of the recognizance . . . ." Before the 1971 revision, § 58 included the following as its last sentence: "Any person aggrieved by a failure to comply with any of the requirements of this section may petition the supreme judicial court as provided in section three of chapter two hundred and eleven." St. 1970, c. 499, § 1. Pursuant to the power of "general superintendence" provided for in G. L. c. 211, § 3, the single justice of this court regularly entertained petitions for review of bail determinations made in the Superior Court on review of denials under § 58.

The 1971 revision eliminated from § 58 the references to this court and to G. L. c. 211, § 3. Nevertheless, the single justice has continued, as in the present case, to entertain bail petitions after decision in the Superior

Court. Although G. L. c. 276, § 57, authorizes a Justice of this court to admit a prisoner or witness to bail in the first instance, an application under that section will ordinarily be denied or transferred to the Superior Court under G. L. c. 211, § 4A, if the matter has not previously been acted on there. The same practice would ordinarily be followed in exercising the power to issue a writ of habeas corpus, preserved by G. L. c. 248, § 25. Cf. *Belgard* v. *Morse,* 2 Gray 406, 407 (1854). But G. L. c. 211, § 4A, as appearing in St. 1972, c. 740, § 2, explicitly forbids transfer to any court but the Appeals Court of "reductions of bail under section fifty-eight of chapter two hundred and seventy-six." It thus seems clear that bail determinations by a single justice under § 58 continue to be authorized. Moreover, a demand for excessive bail would violate art. 26 of the Declaration of Rights of the Constitution of Massachusetts. Compare the Eighth Amendment to the Constitution of the United States, which has been assumed to have application to the States. See *Schilb* v. *Kuebel,* 404 U.S. 357, 365 (1971).

We therefore uphold the jurisdiction of the single justice to review bail determinations under § 58. The power preserved by G. L. c. 248, § 25, is not another remedy "expressly" provided such as to preclude application of G. L. c. 211, § 3. Similarly, we think the full court has jurisdiction to review, on exceptions, report, or appeal, questions of law arising in a bail determination by a single justice under § 58. G. L. c. 211, §§ 5, 6. Cf. *Stranad* v. *Commonwealth,* 366 Mass. 847 (1974); *Commonwealth* v. *Baker,* 343 Mass. 162, 163 (1961).

2. *Scope of review.* Under § 58, first paragraph, the District Court judge is to order release upon personal recognizance without surety unless he "determines, in the exercise of his discretion, that such a release will not reasonably assure the appearance of the prisoner before the court." He is to take into account the various factors prescribed in the statute. If he finds that such a release

will not give the necessary assurance, he may require bail in an amount set by him after consideration of the same factors. The determination of amount also requires the exercise of judgment and discretion, and the "inevitable variations in result flowing from the exercise of judgment and discretion by independent judges do not, without more, constitute error of law reviewable by this court in any proceeding . . . ." *Matter of Troy,* 364 Mass. 15, 39 (1973).

A petition for review in the Superior Court, however, stands on a different footing. Under § 58, fourth paragraph, that court is to hear the petition "in accordance with the standards set forth in the first paragraph" of that section, that is, according to the standards governing the District Court judge. We think that language, read in the light of the statutory purpose, requires the Superior Court judge to consider the matter anew and to exercise his own judgment and discretion. After the hearing, he is expressly authorized to "order that the petitioner be released on bail on his personal recognizance without surety, or, *in his discretion,* to reasonably assure the effective administration of justice, make any other order of bail or recognizance or remand the petitioner in accordance with the terms of the process by which he was ordered committed by the district court" (emphasis supplied).

The statute is not explicit as to the role of the single justice. "Relief in this type of case must be speedy if it is to be effective." *Stack* v. *Boyle,* 342 U.S. 1, 4 (1951). Bail determinations must often be done in haste, "without that full inquiry and consideration which the matter deserves." *Id.* at 11 (opinion by Jackson, J.). We therefore think that the single justice has the power to consider the matter anew, taking into account facts newly presented, and to exercise his own judgment and discretion without remanding the matter for reconsideration by the Superior Court judge. Ordinarily, however, where two judges, acting independently of each

other, have determined that bail is required and have set
bail in an amount which is not plainly excessive, a third
exercise of independent discretion on the same facts will
not contribute to the effective administration of justice.
In the ordinary case, therefore, it is the practice of the
single justice to review the matter only with reference to
errors of law.

In the full court, review is more strictly limited to
errors of law. *Matter of Troy*, 364 Mass. at 39. Trial
should not ordinarily be delayed pending bail review
even though a conviction will make the bail issue moot;
the accused is not well served if his trial is delayed and
he languishes in jail while his bail appeal waits its turn.
The petition before the single justice is addressed to his
discretion. Cf. *Stranad* v. *Commonwealth*, 366 Mass.
847 (1974) (bail pending appeal). It may be denied,
even though there is error of law, because the error was
not prejudicial, or it may be denied without prejudice to
permit reconsideration in the Superior Court. Where, as
here, the matter has been heard informally on representa-
tions of counsel not made part of the record before us, we
may have difficulty reconstructing the total situation to
determine whether there has been an abuse of discretion.

One further factor is involved in the present case: the
District Court judge revised the bail order both by
increasing the amount of the recognizance and by
requiring sufficient surety. Such a revision is permitted
by § 58, fifth paragraph, where there has been no default
or surrender, only if the court, "in its discretion," makes
an appropriate finding. What we have said about
review of other discretionary findings with respect to bail
also applies to that finding.

3. *Revision of bail order.* The petitioner contends that
there has been no compliance with § 58, fifth para-
graph.[1] It is common ground that, in the absence of

---

[1]"Except where the defendant has defaulted on his recognizance or
has been surrendered by a probation officer, an order of bail or

default or surrender, a bail order is not to be revised "either because the defendant has appealed or has been bound over to the superior court," without more. The petitioner contends that the required finding has not been made "that changed circumstances or other factors not previously known or considered, make the order of bail or recognizance ineffective to reasonably assure the appearance of said defendant before the court." He further contends that the reasons given by the District Court judge did not satisfy the requirements of § 58, first paragraph, for denial of bail as an initial matter, and that there was no showing of the required "changed circumstances" or equivalent "other factors."

The District Court judge used a form apparently designed for a summary of reasons for denying personal recognizance without surety as an initial matter. The form does not include the finding required for such a denial by § 58, first paragraph, "that such a release will not reasonably assure the appearance of the prisoner before the court," nor the finding of "changed circumstances" or the like required by § 58, fifth paragraph. The appropriate finding is necessarily implied in the judge's order, and the purpose of the form is not to record the finding, but to give the "summary of the court's reasons" required by § 58, third paragraph. The omission of the required statutory finding from the form does not invalidate the order.

It seems clear enough that denial of release on personal recognizance without surety was within the zone of

recognizance shall not be revoked, revised or amended by the district court, either because the defendant has appealed or has been bound over to the superior court, provided, however, that if any court, in its discretion, finds that changed circumstances or other factors not previously known or considered, make the order of bail or recognizance ineffective to reasonably assure the appearance of said defendant before the court, the court may make a further order of bail, either by increasing the amount of the recognizance or requiring sufficient surety or both, which order will not revoke the order of bail or recognizance previously in force and effect."

permitted judgment and discretion as an initial matter. The petitioner had a record of convictions of serious crimes extending over more than seven years. He was charged with a crime punishable by imprisonment for life or for a term of not less than ten years. G. L. c. 266, § 14. Similarly, bail in the amount of $15,000 in these circumstances is not plainly excessive.

The problem of changed circumstances is more difficult. On March 6 the petitioner appeared voluntarily, having been released on personal recognizance, but after the probable cause hearing bail was set in a substantial amount with surety. We are not informed what factors were "previously known or considered," but the nature of the offense charged and the petitioner's record of convictions should have been known and considered when bail was first set. Doubtless they provided the basis for the initial requirement of $2,000 bail with surety. The Commonwealth concedes that these factors did not change. Apparently the petitioner was released on personal recognizance without surety, not because changed circumstances gave reasonable assurance that he would appear, but because the Commonwealth's request for a continuance justified a greater risk of default. When probable cause was found, the Commonwealth was no longer seeking a continuance, but we do not think that fact alone justified an upward revision of bail in the face of the statutory declaration that binding over is not a sufficient ground.

Nevertheless, the petitioner has not shown either error of law or abuse of discretion on the part of the single justice. It may have been shown that the circumstances of the offense charged looked quite different after the probable cause hearing, and that after the hearing the proof was evident or the presumption great. Cf. *Commonwealth* v. *Baker*, 343 Mass. 162, 167 (1961).

*Judgment affirmed.*