## MICHAEL A. DELANEY vs. COMMONWEALTH.

Suffolk. February 4, 1993. - June 10, 1993.

Present: LIACOS, C.J., ABRAMS, NOLAN, & GREANEY, JJ.

*Bail. Superior Court.*

There is no requirement that the government institute formal criminal proceedings against a person who has been released on bail pending the adjudication of a prior charge, before a judge may revoke bail under G. L. c. 276, § 58, third par. [493-494]

General Laws c. 276, § 58, does not provide for review in the Superior Court of bail revocation orders entered by a District Court judge pursuant to the third paragraph of that section. [494-497]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 4, 1992.

The case was heard by *O'Connor*, J.

*John J. Ruby, Jr.*, for Michael A. Delaney.

*Robert C. Cosgrove*, Assistant District Attorney, for the Commonwealth.

LIACOS, C.J. Michael A. Delaney (defendant) appeals from the denial of his petition under G. L. c. 211, § 3 (1990 ed.), by a single justice of this court. The petition sought relief from a bail revocation order. We summarize the relevant facts, relying primarily on the representations of counsel, unsworn or based on hearsay, but not disputed.[1]

In December of 1991, a criminal complaint was issued alleging that the defendant violated the terms of a protective order pursuant to G. L. c. 209A (1990 ed.). In January of

---

[1] The defendant did not furnish us with a transcript of the prior proceedings, but he described these proceedings in the statement of the case contained in his appellate brief. The Commonwealth accepted the defendant's representations pursuant to Mass. R. A. P. 16 (b), as appearing in 411 Mass. 1602 (1992).

1992, the defendant was arraigned in the Quincy Division of the District Court Department. The District Court judge released the defendant on his own recognizance. In April of 1992, the judge held a pretrial conference, in the course of which the Commonwealth requested that bail be set in the amount of $1,000. The Commonwealth argued that such bail had become necessary because the defendant allegedly had harassed his former wife during the period of his release. The judge granted the Commonwealth's request, and the defendant posted the requisite bail.

On June 3, 1992, the scheduled trial date, the Commonwealth requested to be heard again on the issue of the defendant's bail. The defendant was present and was represented by counsel. The judge held a hearing during which the defendant's former wife and her father testified. Based on the evidence presented at the hearing, the judge found "probable cause to believe that the prisoner (defendant) has committed a crime during the period of his release on the above captioned charge." The judge further found that, if allowed to remain free on bail, the defendant would "seriously endanger the safety" of his former wife. The judge proceeded to revoke the defendant's bail pursuant to the third paragraph of G. L. c. 276, § 58 (1990 ed.),[2] and ordered that the defendant be detained without bail.

The defendant immediately petitioned the Superior Court for a review of the bail revocation order. A Superior Court judge denied review on the ground that a judge of the Superior Court has no authority to review a bail revocation order made by a District Court judge.

The defendant then petitioned a single justice of this court pursuant to G. L. c. 211, § 3. The defendant argued that the District Court judge erred when he revoked the defendant's bail before the Commonwealth initiated a formal criminal

[2]General Laws c. 276, § 58 (1990 ed.), was amended by St. 1992, c. 201, which became effective in October of 1992; therefore the amendments do not bear on the present case. Certain portions of the 1992 amendments to § 58 were declared unconstitutional in *Aime* v. *Commonwealth*, 414 Mass. 667 (1993).

proceeding charging the defendant with offenses allegedly committed during the period of his release. After a hearing, the single justice denied the defendant's petition.

In this appeal, the defendant raises again the argument which he presented to the single justice. In addition, the defendant urges us to declare that a Superior Court judge erred when she reportedly ruled that a bail revocation order issued by a District Court judge is not reviewable in the Superior Court.

The Commonwealth reports that the underlying criminal charges against the defendant have been dismissed and that the defendant has regained his freedom. The defendant, therefore, no longer has a personal stake in the outcome of this litigation. See *Attorney Gen.* v. *Commissioner of Ins.*, 403 Mass. 370, 380 (1988), and cases cited. Thus, the case is now moot. The questions raised, however, "are fully briefed and raise matters of importance that are likely to arise again,[3] but are unlikely to be capable of appellate review in the normal course before they become moot." *Upton, petitioner*, 387 Mass. 359, 365 (1982). In such circumstances, we find it appropriate to reach the merits of the issues raised by this appeal notwithstanding the lack of a live controversy. See *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 274 (1978).

Section 58, third par., provides in part that, "[i]f a prisoner[4] is on release pending the adjudication of a prior charge, and the court after a hearing at which prisoner shall have the right to be represented by counsel, finds probable cause to believe that the prisoner has committed a crime during said period of release, the court shall then determine, in the exercise of its discretion, whether the release of said prisoner will seriously endanger any person or the community."

---

[3]Specifically, it appears that there exists a conflict of opinion among judges of the Superior Court on the issue whether G. L. c. 276, § 58, as amended through St. 1992, c. 201, gives them authority to review a bail revocation order issued by a District Court judge.

[4]The Legislature uses the term "prisoner" to refer to a criminal defendant released to bail.

A judge making this determination must take into account the factors prescribed in the statute.[5] "If the court determines that the release of said prisoner will seriously endanger any person or the community and that the detention of the prisoner is necessary to reasonably assure the safety of any person or the community, the court may revoke bail on the prior charge and may order said prisoner held without bail pending the adjudication of said prior charge, for a period not to exceed sixty days."

The defendant does not dispute that the District Court judge revoked his bail in accordance with these procedures. The defendant argues, however, that § 58 requires that the government initiate a "formal criminal proceeding" against a person released to bail before a bail revocation order may issue.[6] The defendant bases this argument on language in § 58, first par., mandating that an authorized official who admits a person to bail must "provide as an explicit condition of release . . . that should said [person] be *charged* with a crime during the period of his release, his bail may be revoked in accordance with the third paragraph of this section" (emphasis supplied). *Id.*

We disagree with the defendant's reading of § 58. The reference to criminal "charges" appears in the context of a directive addressed to officials admitting a defendant to bail and not to judges issuing a bail revocation order. The use of this term evinces a legislative intent that officials admitting a prisoner to bail should use plain and common language to explain the conditions of the defendant's release. As to judges determining whether bail should be revoked, however,

---

[5]These factors include "the gravity, nature and circumstances of the offenses charged, the prisoner's record of convictions, if any, and whether said charges or convictions are for offenses involving the use or threat of physical force or violence against any person, whether the prisoner is on probation, parole or other release pending completion of sentence for any conviction, whether he is on release pending sentence or appeal for any conviction, the prisoner's mental condition, and any illegal drug distribution or present drug dependency." G. L. c. 276, § 58, third par.

[6]The defendant suggests that such formal criminal proceeding may take the shape of a complaint, an arrest, or an indictment.

the statute provides that they must proceed "in accordance with" the third paragraph of § 58 (quoted above). This language pertaining to bail revocation hearings refers to the procedures which the judge followed in the present case. There is no requirement that the government formally institute any additional criminal proceeding as a prerequisite to the revocation of bail.[7]

We turn next to the issue whether a defendant may petition the Superior Court for review of a bail revocation order issued pursuant to the third paragraph of § 58. This paragraph also states: "A prisoner aggrieved by the denial of a district court justice to admit him to bail on his personal recognizance without surety may petition the superior court for a review of the order of the recognizance . . . ." The Commonwealth urges us to hold that the denial of personal recognizance refers only to the setting of bail and not to its revocation. The defendant, on the other hand, argues that this language covers bail revocation orders because such orders result in the defendant's detention, thereby depriving him or her of release on recognizance. The defendant also argues that it would be inconsistent to provide a right of review for an initial denial of bail but not for a subsequent revocation of bail.

The text of a statute must be construed in accordance with its plain meaning when it is clear and unambiguous. See *Bronstein v. Prudential Ins. Co.*, 390 Mass. 701, 704 (1984), and cases cited. When ambiguities are present, the statute "must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connec-

---

[7]The defendant's construction of the statute would achieve nothing more than the establishment of a meaningless procedural requirement. Indeed, such construction would not increase the quantum of evidence necessary to support a bail revocation order. For example, an arrest — which the defendant suggests would qualify as a "formal criminal proceeding" — is constitutionally valid only if supported by probable cause to believe that the defendant has committed, or is about to commit, a crime. See, e.g., *Commonwealth v. Crawford*, 410 Mass. 75, 78 (1991).

tion with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated. . . . At the same time, [the] statute should be read as a whole to produce an internal consistency. . . ." (Citations omitted.) *Telesetsky* v. *Wight*, 395 Mass. 868, 872-873 (1985).

Our Legislature intended § 58 to protect the rights of the defendant by establishing a presumption that he or she will be admitted to bail on personal recognizance without surety and by delineating carefully the circumstances under which bail may be denied. See *Commesso* v. *Commonwealth*, 369 Mass. 368, 371 (1975), quoting *Commonwealth* v. *Roukous*, 2 Mass. App. Ct. 378, 381 n.5 (1974) ("The bail reform act was intended 'to establish the right of the accused, in most circumstances, to be admitted to bail upon personal recognizance without surety' ").[8] We have held that § 58 gives defendants the right to a de novo review in the Superior Court of bail determinations made by a District Court judge pursuant to the first paragraph of the statute. *Commesso, supra* at 373. We also have held that defendants may obtain a de novo review of subsequent modifications, revisions, or revocations of such bail determinations made under the sixth paragraph of § 58. *Id.* at 374-375.[9]

---

[8]The first paragraph of § 58 mandates the release of the defendant on personal recognizance without surety unless an authorized official determines, in the exercise of his or her discretion, that release on bail "will not reasonably assure the appearance of the prisoner before the court." G. L. c. 276, § 58. The official must take into account the factors prescribed in the statute. If the official finds that the release of the defendant reasonably does not assure his or her appearance at trial, the official may require bail in an amount determined by the same factors. See *Commesso* v. *Commonwealth*, 369 Mass. 368, 372 (1975).

[9]This paragraph provides that a judge may revise, revoke, or amend a bail determination if, "in . . . discretion, [the judge] finds that changed circumstances or other factors not previously known or considered, make the order of bail or recognizance ineffective to reasonably assure the appearance of [the] defendant before the court." G. L. c. 276, § 58, sixth par. When we decided *Commesso, supra,* this paragraph was the fifth one of the statute. It became the sixth paragraph following subsequent amendments to § 58.

We do not believe, however, that the Legislature intended § 58 to provide for similar review of a bail revocation order made under the third paragraph of the statute. Section 58, fourth par., states that the "superior court shall *in accordance with the standards set forth in the first paragraph of this section,* hear the petition for review as speedily as practicable and except for unusual circumstances, on the same day the petition [for review] is filed" (emphasis added). This language provided the statutory support for our conclusion that initial bail determinations pursuant to the first paragraph of § 58 — and their subsequent modifications, revisions, or revocations pursuant to the sixth paragraph of the statute — carry a de novo right of review. See *id.* at 373-374.[10] While "the standards set forth in the first paragraph" of § 58 govern such determinations, they do not bear on a bail revocation order of the type made in the present case.

In addition, the Legislature has used the words "bail on his personal recognizance without surety" — on which the defendant bases his argument — to describe bail determinations made under the first paragraph of § 58. We believe that the Legislature did not intend these words to be given a different meaning in the context of the review provisions found in the third paragraph of the statute. Review of a bail revocation order is more in the nature of an appeal than a de novo determination. Had the Legislature intended to provide for review of such orders in the Superior Court, which is not an appellate court in the traditional sense, we think it would have said so explicitly.

Thus, we hold that § 58 does not provide for review de novo in the Superior Court of a bail revocation order such as that which was entered in the present case. We emphasize that our conclusion is a narrow one, based solely on our interpretation of § 58. The parties have not explored alternative procedural routes for challenging a bail revocation order,

---

[10]Such modifications ordinarily entail a consideration of these factors in light of changed circumstances or new information not previously known or considered.

such as a petition for a writ of habeas corpus.[11] Neither did the parties ask us to apply the due process principles governing the revocation of probation or of parole to the revocation of bail pursuant to the third paragraph of § 58. See generally *Gagnon* v. *Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey* v. *Brewer*, 408 U.S. 471 (1972). See also *Commonwealth* v. *Durling*, 407 Mass. 108 (1990), habeas corpus denied, 789 F. Supp. 457 (D. Mass. 1992). We intimate no views on any of these issues or other legal questions that were not presented to us.

In sum, we hold that, so long as the provisions of § 58, third par., are otherwise met, a judge may issue a bail revocation order before criminal proceedings arising from the offense allegedly committed during the period of the defendant's release are instituted by the Commonwealth. We also hold that the statute does not provide for review of bail revocation orders in the Superior Court pursuant to the third paragraph of § 58.

*Judgment affirmed.*

---

[11]General Laws c. 248, § 21 (1990 ed.), provides: "If a person is committed to jail on a criminal accusation for want of bail, a justice of the superior court or of a district court or a trial justice may issue a writ of habeas corpus and cause the prisoner to be brought before him, when it is necessary for the purpose of admitting him to bail pursuant to chapter two hundred and seventy six." See G. L. c. 248, § 25 (1990 ed.) ("This chapter shall not affect the power of the supreme judicial court, or the superior court, or a justice thereof, to issue a writ of habeas corpus in its discretion, and thereupon grant bail to a person for whatever cause he has been committed or restrained, or to discharge him as law and justice require").