The case was submitted on the papers filed, accompanied by a memorandum of law.

*Luis D. Perez*, pro se.


MARK OLIVEIRA *vs.* COMMONWEALTH. June 30, 1997. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Interlocutory appeal, Competency to stand trial.

The petitioner (defendant), who had sought relief from an interlocutory ruling of a Superior Court judge denying a motion to dismiss alleging his incompetence to stand trial, now appeals to the full court under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of relief under G. L. c. 211, § 3.

In an effort to establish, as rule 2:21 requires, "why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means," the defendant argues that he has a fundamental right not to stand trial while incompetent and that immediate review under rule 2:21 is the only means by which he may avoid being tried while incompetent.

We review interlocutory rulings in criminal cases only in the most exceptional circumstances. *Gilday* v. *Commonwealth*, 360 Mass. 170, 171 (1971). The defendant must show that he has a substantial claim that an important substantive right of his is being violated, and that the error is irreversible. *Costarelli* v. *Commonwealth*, 374 Mass. 677, 679 (1978).

We now apply that two-part test. First, we acknowledge that the trial of a person charged with a criminal offense while he is legally incompetent violates his constitutional rights of due process. *Commonwealth* v. *Vailes*, 360 Mass. 522, 524 (1971). Here we have a ruling by the judge that the defendant is competent. Moreover, we are not persuaded that the alleged error is irreversible. We have exercised our authority under G. L. c. 211, § 3, for example, to review the manner in which a "bind-over hearing" was conducted, *Corey* v. *Commonwealth*, 364 Mass. 137, 138 (1973); the conduct of a probable cause hearing, *Myers* v. *Commonwealth*, 363 Mass. 843, 844 (1973); and an order to disclose alibi witnesses, *Gilday* v. *Commonwealth*, *supra* at 171. An underlying principle is also clearly illustrated by our decision to consider the question whether the double jeopardy clause of the Fifth Amendment to the United States Constitution barred prosecution for using a motor vehicle without authority after the trial and dismissal of an earlier complaint charging larceny of the same vehicle. *Costarelli* v. *Commonwealth*, *supra* at 677-678. We stated that our refusal to review before trial the claim of rights under the double jeopardy clause would, because of the nature of the guaranty, result in the irremediable denial of the rights. *Id.* at 680. The guarantee includes protection against being twice put to *trial* for the same offense. *Id.* The defendant could be returned to the "statu quo" through the normal process of appeal. *Id.* The asserted constitutional error, if established on appeal, could be readily rectified through the normal process of appeal by vacating the defendant's conviction and ordering that the defendant not be retried unless and until he is legally competent. Moreover, we have considered challenges to competency rulings in reviewing the appeal from a defendant's convictions. See, e.g., *Commonwealth* v. *Prater*,

420 Mass. 569, 572-576 (1995); *Commonwealth* v. *DeMinico*, 408 Mass. 230, 232-237 (1990); *Commonwealth* v. *Crowley*, 393 Mass. 393, 394-400 (1984); *Commonwealth* v. *Louraine*, 390 Mass. 28, 29-38 (1983); *Commonwealth* v. *Chubbuck*, 384 Mass. 746, 749-752 (1981). In *Commonwealth* v. *Lombardi*, 378 Mass. 612, 613 (1979), we concluded that the defendant's amnesia alone did not justify dismissal of the indictments. The judge in the case before us noted that the defendant suffered from amnesia and that it is apparently permanent.

Although the cases cited do not hold that review of determinations of competency is not available under G. L. c. 211, § 3, they do demonstrate that in some situations this court has considered the issue in the course of appeal. We do conclude that in this instance the defendant has not made the requisite showing under rule 2:21 that review "cannot adequately be obtained on appeal . . . or by other available means."

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Edward K. Boyer* for the defendant.