THOMAS E. CARGILL, JR. *vs.* COMMONWEALTH. November 10, 1999. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Interlocutory appeal, Competency to stand trial.

Thomas E. Cargill, Jr., the petitioner, appeals under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief under G. L. c. 211, § 3, by a single justice of this court. A Superior Court judge had determined that the petitioner was competent to stand trial, and the petitioner asked the single justice either to reverse the order finding him competent, or, "report this case" to the full court.

---

The Superior Court judge's order is an interlocutory ruling for purposes of rule 2:21 (1); so we consider whether the petitioner, as rule 2:21 (2) requires, has "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioner argues that a substantial question remains as to his competence to stand trial, that a trial in these circumstances would violate his constitutional rights, and that he will suffer irreparable harm. He also asserts that the error in proceeding to try him cannot be remedied through the normal appellate process. He states that he is eighty-one years of age, and that the mental impairment from which he suffers "is largely a function of his age." Nevertheless, the asserted error in determining him competent to stand trial could be remedied through the usual appellate process by vacating the petitioner's convictions and ordering that he not be retried unless and until he is legally competent. See *Oliveira* v. *Commonwealth*, 425 Mass. 1004, 1004-1005 (1997), and cases cited.

The petitioner has not made the required showing under rule 2:21 (2).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Thomas M. Hoopes & Dana Alan Curhan* for the petitioner.