Quinlan, J.
This matter came before the court upon the plaintiff Shawn Garner’s Petition for Writ of Ha-beas Corpus. In his petition, the plaintiff asserts that he is unlawfully being held in the custody of the defendant Sheriff for Suffolk County since revocation of his bail on December 24, 1999. Hearing was held on January 21, 2000. The plaintiff was represented by counsel at the hearing.
On November 16, 1999 while on release on bail for other offenses, i.e. possession of class B controlled substance and possession of a class D controlled substance,[1] the plaintiff was arraigned on the charge of assault and battery by means of a dangerous weapon in the Dorchester District Court. Bail was set in the amount of Five Hundred ($500.00) Dollars. The plaintiff posted the bail and was released. The docket does not indicate that any bail warning was given as required by G.L.c. 276, §58.
On December 23, 1999, the plaintiff was arrested by Boston Police officers. On December 24, 1999, criminal complaints issued in the Dorchester District Court charging the plaintiff with a variety of offenses including receiving a stolen motor vehicle, failure to stop for a police officer and assault and battery on a public servant. At the plaintiffs arraignment, bail was set on the new offenses at One Thousand ($1,000.00) Dollars.[2] According to the reasons for Order of Bail in the subsequent case, bail was set based upon the nature and circumstances of the offense charged, the potential penalty if convicted and the plaintiffs status of having been on bail pending adjudication of a prior charge.[3] The District Court also ordered that the bail set in the pending case, charging the plaintiff with assault and battery by means of a dangerous weapon, be revoked. The District Court did not issue any findings stating the reasons for his decision to revoke bail.
Discussion
G.L.c. 248, §21 (1990 ed.), provides: “If a person is committed to jail on a criminal accusation for want of bail, a justice of the superior court or of a district court or a trial justice may issue a writ of habeas corpus and cause the prisoner to be brought before him, when it is necessary for the purpose of admitting him to bail pursuant to chapter two hundred and seventy-six.” As a procedural threshold matter, the court rules that a petition for writ of habeas corpus pursuant to G.L.c. *362 248 is an appropriate means of challenging the plaintiffs revocation of bail. See Delaney v. Commonwealth, 415 Mass. 490, 496-97 (1993). Appeal in the event that the plaintiff should be convicted of the underlying offense does not afford the plaintiff with an adequate remedy since the issue of his pretrial incarceration may be moot. In the event that the defendant shall be found not guilty of the offense, an appeal from the revocation of bail will escape appellate review.
“The preferred disposition under the bail statute is release on personal recognizance.” Commonwealth v. Dodge, 428 Mass. 860 (1999), citing Mendonza v. Commonwealth, 423 Mass. 771, 774 (1996); Commonwealth v. Perito, 417 Mass. 674, 678 (1994); and Delaney v. Commonwealth, 415 Mass. at 495 (“Our Legislature intended §58 to protect the rights of the defendant by establishing a presumption that he or she will be admitted to bail on personal recognizance without surety and by delineating carefully the circumstances under which bail may be denied”).
Notwithstanding the presumption of innocence, the Legislature recognized the potential of a defendant who has been released on his own recognizance or on bail committing other offenses. Thus, the issue has been addressed in the bail statute, G.L.c. 276, §58. Section 58 not only requires that a defendant should be warned of the potential consequences of the defendant being charged with a subsequent offense but also identifies the procedure to be followed when a defendant is charged with a subsequent offense and the Commonwealth moves to have the bail revoked. Section 58 provides in pertinent part:
. . . The court shall provide as an explicit condition of release for any prisoner admitted to bail pursuant to this section or section fifty-seven that should said prisoner be charged with a crime during the period of his release, his bail maybe revoked in accordance with this paragraph — and the court shall enter in writing on the court docket that the prisoner was so informed and the docket shall constitute prima facie evidence that the prisoner was so informed. If a prisoner is on release pending adjudication of a prior charge, and the court before which the prisoner is charged with committing a subsequent offense, after a hearing at which the prisoner shall have the right to be represented by counsel, finds probable cause to believe that the prisoner has committed a crime during said period of release, the court shall then determine, in the exercise of its discretion, whether the release of said prisoner will seriously endanger any person or the community. The hearing shall be held upon the prisoner’s first appearance before the court before which the prisoner is charged with committing an offense while on release pending adjudication of a prior charge. In making said determination, the court shall consider the gravity, nature and circumstances of the offenses charged, the prisoner’s record of convictions, if any, and whether said charges or convictions are for offenses involving the use or threat of physical violence against any person, whether the prisoner is on probation, parole or other release pending completion of appeal for any conviction, the prisoner’s mental condition, and any illegal drug distribution or present drug dependency. If the court determines that the release of said prisoner will seriously endanger any person or the community, the court may revoke bail on the prior charge and may order said person held without bail pending adjudication of the prior charge, for a period not to exceed sixty days. Said order shall state in writing the reasons therefore and shall be reviewed by the court upon the acquittal of the prisoner, or the dismissal of any of the cases involved. A prisoner so held shall be brought to trial as soon as reasonably possible. [Emphasis supplied.]
Revocation of bail is not automatic in the event that a defendant is charged with a subsequent offense. Section 58 requires that the court hold a hearing at which the defendant is represented by counsel and defines the factors which the court “shall consider” and the standard which the court must apply, that the release of the danger would seriously endanger any person or the community. Section 58 further requires that the court state the reasons for revoking bail “in writing.” Although the court did identify the reasons for imposing bail on the subsequent offense, no written statement of reasons was issued for the bail revocation. Significantly, in setting bail on the subsequent offense, the District Court did not check reason 1, “The nature and seriousness of the danger to any person or the community that would be posed by the defendant’s release.”
Based upon the foregoing, in revoking the plaintiffs bail, the District Court failed to follow procedures mandated in G.L.c. 276, §58. The plaintiff is unlawfully held without bail. Having said that, the court determines that the new offense constitutes a change of circumstances which may be considered, together with other factors set forth in §58, in setting the amount of bail. Considering the nature of the offense, the plaintiffs record of convictions, the potential penalty he faces if convicted, the court finds that an increase in the amount of the revoked bail is appropriate.
Order
The court orders that the plaintiff be admitted to bail on the offense now pending before the Dorchester District Court No. 9902CR6673 in the amount of One Thousand ($1,000.00) Dollars cash or surety in the amount of Ten Thousand ($10,000.00). If the plaintiff shall fail to post such bail, the defendant Sheriff shall continue to hold the plaintiff in custody pending further order of the court.

These charges have since been dismissed as a result of the allowance of a motion to suppress.

This was reduced to personal recognizance as a result of a review of bail in the Superior Court.

This reason was checked twice on the bail form.