EDMUND D. LACHANCE, JR. *vs.* COMMONWEALTH. July 9, 2002. *Bail. Moot Question.*

Edmund D. LaChance, Jr. (petitioner), appeals from the denial by a single justice of this court of a petition for review of bail under G. L. c. 211, § 3.[1]

---

[1]In an order previously issued pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), we allowed this appeal to proceed in the regular course.

We dismiss the appeal as moot.

Following the petitioner's arraignment on charges including aggravated rape, kidnapping, and assault by means of a dangerous weapon, a judge in the Superior Court ordered the petitioner detained pursuant to G. L. c. 276, § 58A, for a period not to exceed ninety days. More than ninety days after the effective date of that order, a bail hearing was held, see G. L. c. 276, §§ 57-58, and bail was set at $100,000 cash, based on a second judge's conclusion that the petitioner posed a "substantial risk of flight." The petitioner next filed a petition seeking expedited bail review from a single justice of this court, pursuant to G. L. c. 211, § 3. That petition was denied without a hearing.

The petitioner failed to file any brief with this court for approximately eight months after we allowed this appeal to proceed. See note 1, *supra.* In the interim, he was tried, convicted, and sentenced in the underlying criminal case.[2] His direct appeal is now pending in the Appeals Court. The primary relief sought by the petitioner in his G. L. c. 211, § 3, petition — bail review — is therefore academic, because he is no longer subject to the pretrial release and detention provisions of G. L. c. 276, §§ 57-58, and 58A.

The petitioner continues, however, to press several statutory and constitutional arguments. He claims, among other things, that G. L. c. 276, § 58, is unconstitutional because it fails to include procedural safeguards similar to § 58A; and that § 58A is unconstitutional in failing to require a bail hearing immediately on expiration of a ninety-day detention period. Although we have in the past decided issues concerning the constitutionality of these statutes in moot cases, see, e.g., *Mendonza* v. *Commonwealth*, 423 Mass. 771 (1996); *Aime* v. *Commonwealth*, 414 Mass. 667 (1993), we decline in the exercise of our discretion to do so here. There is no indication in the record that the issues the petitioner now raises were raised in the trial court, that the petitioner sought the safeguards he now claims he was entitled to at his bail hearing, or that he challenged the legality of his detention after the ninety-day period ordered by the first Superior Court judge pursuant to § 58A had expired. "The failure to raise the constitutional issues in the trial court is compounded by the poor record that has been put before us on appeal. 'Generally . . . we shall not address issues raised for the first time on appeal, if the record accompanying them is lacking, as is the case here, in providing a basis for their intelligent resolution.' " *E.H.S.* v. *K.E.S.*, 424 Mass. 1011, 1012 (1997), quoting *Gagnon, petitioner*, 416 Mass. 775, 780 (1994), and cases cited.[3]

The petitioner also alleges that certain letters were seized from him at some point while he was being held (unlawfully, he claims) before trial, and that the letters were then used against him at trial. None of his submissions makes clear when he claims the letters were seized or other pertinent details. He did not raise this point in his petition and supporting memorandum before the single justice. He provides no reasons why he is unable adequately to pursue

---

[2]According to the docket, at sentencing, the petitioner was credited with the jail time served prior to trial.

[3]We add that, while the petitioner challenges the constitutionality of G. L. c. 276, § 58, it is questionable whether § 58 applied to him. His bail hearing took place in the Superior Court, not the District Court. See *Serna* v. *Commonwealth*, *ante* 1003, 1003 (2002). Prior detention hearings, see G. L. c. 276, § 58A, occurred in both the Superior and District Courts.

this argument concerning the alleged use of illegally seized evidence in his direct appeal.

*Appeal dismissed.*

The case was submitted on briefs.

*Edmund D. LaChance, Jr.,* pro se.

*Lillian Cheng,* Assistant District Attorney, for the Commonwealth.