ABBOTT A., a juvenile *vs.* COMMONWEALTH. November 10, 2009. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Defendant's competency.

The juvenile petitioner appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

In July, 2009, the petitioner was charged in the Juvenile Court with armed assault with intent to murder, among other offenses. At his arraignment, the Commonwealth moved for a dangerousness hearing pursuant to G. L. c. 276, § 58A. The petitioner moved to stay the hearing, claiming that because he had been determined in February, 2009, to be incompetent to stand trial in connection with other delinquency charges pending against him, he would not be able to participate meaningfully, or assist his attorney, in a § 58A hearing. He claimed that to hold such a hearing would violate his Federal and State constitutional due process rights. A judge in the Juvenile Court denied the petitioner's request, concluding that the petitioner's incompetence to stand trial did not necessarily mean he was incompetent for purposes of a § 58A dangerousness hearing.[1] The judge stayed the § 58A hearing, however, so that the petitioner could seek review of his decision. The petitioner then filed his petition in the county court, repeating his argument that so long as he was incompetent to stand trial he was incompetent to undergo a § 58A hearing. The single justice denied the petition summarily and without a hearing.

---

[1]The judge, noting the absence of a reported decision directly on point, relied principally on *Commonwealth* v. *Torres,* 441 Mass. 499, 501-507 (2004) (generally permissible to proceed with bail hearing pursuant to G. L. c. 276, § 57, where defendant has been found incompetent to stand trial). The judge also suggested that, based on the clinical evaluation of the petitioner in connection with the question of his competency to stand trial, the petitioner's cognitive abilities are sufficient for purposes of a G. L. c. 276, § 58A, dangerousness hearing.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The petitioner has failed to address, as required by the rule, "why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2), 421 Mass. 1303 (1995). Other means are available, and the petitioner's attempt to raise the claim at this juncture is premature. If he receives an adverse ruling after a § 58A hearing, he can seek review at that time, which would include review of the question whether it was appropriate to have held the hearing in the first place. Cf. *LaChance* v. *Commonwealth*, 437 Mass. 1013, 1013 n.1 (2002) (bail review); *Commesso* v. *Commonwealth*, 369 Mass. 368 (1975) (bail review). Cf. also *Cargill* v. *Commonwealth*, 430 Mass. 1006, 1007 (1999) (pretrial ruling that defendant was competent to stand trial not appropriate for interlocutory review under G. L. c. 211, § 3; claim could have been raised on direct appeal from any conviction); *Oliveira* v. *Commonwealth*, 425 Mass. 1004, 1004-1005 (1997) (same). Waiting until that stage would have the added benefit of a record on which to assess not only the question of dangerousness, but also the petitioner's ability to participate meaningfully and assist his attorney in the hearing.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Barbara Kaban* for the juvenile.