NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-354

COMMONWEALTH

vs.

ASHTON ROSS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant was convicted of assault and battery by means of a dangerous weapon.[1] On appeal, the defendant argues that (i) the trial judge erred in excluding cross-examination on the Burlington Police Department's COVID-19 policy, (ii) the trial judge improperly considered the charge of which the defendant was acquitted in sentencing him, and (iii) the arraignment judge set bail in an amount higher than the defendant could afford without providing explanation. We discern in the defendant's claims no cause to disturb the judgment and affirm, addressing each claim in turn.

---

[1] The defendant was acquitted of armed assault with intent to murder.

1.  COVID-19 policy.  The defendant claims that the trial judge should have allowed defense counsel to cross-examine Burlington Police Officers Eric Magee and Thomas Zarro regarding their department's COVID-19 policy at the time of the defendant's arrest, because it was relevant to his state of mind.[2]  The defendant contends that his theory of defense at trial was that the defendant did not intend to stab Officer Zarro with a knife, but rather was trying to avoid arrest because he was afraid of contracting COVID-19 if arrested and held in jail.  "If a defendant believes that the judge improperly restrained his cross-examination of a witness, the defendant must demonstrate that the judge abused his discretion and that he was prejudiced by such restraint" (citation omitted).  Commonwealth v. Sealy, 467 Mass. 617, 624 (2014).

In the present case, we discern no abuse of discretion in the judge's limitation of cross-examination.  The Burlington Police Department's COVID-19 policy was irrelevant to the defendant's state of mind in the absence of evidence he knew what it was.  When state of mind evidence is offered, "a predicate to its admissibility is the defendant's prior

---

[2] During cross-examination of Officers Magee and Zarro, defense counsel asked what COVID-19 restrictions the Burlington police had in effect at the time of the defendant's arrest for people who were locked up and whether everybody at the station was required to wear masks.  The prosecutor objected both times, and the judge sustained the objections.

knowledge of it." Commonwealth v. Adjutant, 443 Mass. 649, 654 (2005). The defendant made no offer of proof as to his prior knowledge of the policy, and the record includes no evidence that he did.

In addition, the defendant has not demonstrated that he was prejudiced by the judge's ruling. The defendant also was able to present his defense through cross-examination of the officers and in his closing argument.[3] In addition, the evidence against the defendant was overwhelming. The video footage introduced at trial showed the defendant draw a knife and strike Officer Zarro in the chest with it.

2. Sentencing. The defendant asserts that the judge based his sentence substantially on the armed assault with intent to murder charge of which the defendant was acquitted. We disagree with the defendant's characterization of the basis for his sentence.

"It is not within our power to review a lawful sentence." Commonwealth v. McCravy, 430 Mass. 758, 767 (2000). Rather, we review a sentence only to determine whether it is unconstitutional or otherwise illegal. See Commonwealth v. White, 48 Mass. App. Ct. 658, 664-665 (2000). A sentencing

---

[3] Defense counsel cross-examined the officers about wearing masks when they responded to the hotel, the absence of a COVID-19 vaccine at the time of the incident, and the number of people who would be held in each cell at the station.

judge "may consider a variety of factors, including the defendant's behavior, character, background, and, perhaps most important, the nature of the offense and the circumstances surrounding the commission of the crime" (quotations and citation omitted). Commonwealth v. Holness, 93 Mass. App. Ct. 368, 375 (2018).

The judge's comments during sentencing show that he "considered the nature of the offense[] and the circumstances surrounding the defendant's crime[] in fashioning an appropriate sentence, not that [he] intended to punish the defendant for the [charge] of which he was acquitted." Holness, 93 Mass. App. Ct. at 375. As he began the sentence pronouncement, the judge merely summarized the Commonwealth's case and the defense case for the charge of armed assault with intent to murder.[4] The judge then turned to the charge of assault and battery by means of a dangerous weapon and focused on the seriousness of this particular assault and battery, including the potential for serious injury.[5] We discern no error in the imposition of the defendant's sentence.

---

[4] The judge concluded this section by stating, "So it was a tough sell for the Commonwealth and ultimately the jury was not persuaded. And I think -- frankly, I think their reasoning was good."

[5] The judge stated, "One can't overlook that it was an assault against a police officer acting in the course of his lawful duties. And one can also not overlook the fact that it was a

4

3.  Bail.  The defendant contends that the arraignment judge set bail in an amount higher than the defendant could afford without making findings explaining this decision.  As the defendant has been tried, convicted, and sentenced since the time bail was set, his claim is moot.  See LaChance v. Commonwealth, 437 Mass. 1013, 1014 (2002).

                                        Judgment affirmed.

                                        By the Court (Green, C.J.,
                                          Neyman & Englander, JJ.[6]),

                                        Assistant Clerk

Entered:  January 30, 2024.

_____

stab that could have killed the police officer had he not been wearing a Kevlar vest."
[6] The panelists are listed in order of seniority.