SUPREME JUDICIAL COURT 
 
 EDWARD R. SORIANO vs. COMMONWEALTH & another.[1]

 
 Docket:
 SJC-13782
 
 
 Dates:
 October 6, 2025.
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts.
 
 

 Edward R. Soriano (defendant) appeals from a judgment of the county court dismissing his petition for relief under G. L. c. 211, § 3.  We affirm.

In 2023, the defendant pleaded guilty to a number of criminal offenses and was sentenced to probation.  In 2024, the defendant was charged with further offenses, and he was also held based on an alleged violation of probation.  In January 2025, a District Court judge denied the defendant's motion for a declaration of incompetency, finding that he was competent to stand trial on the 2024 criminal charges and to proceed to a final probation surrender hearing.  The defendant's G. L. c. 211, § 3, petition sought relief from that ruling.  The day after the defendant filed his petition, a hearing took place in the District Court, at which his probation was terminated.  In its opposition, the Commonwealth argued, inter alia, that the defendant's petition was moot due to the termination of probation and the scheduling of a further competency evaluation.  The single justice dismissed the petition without prejudice, and the defendant appeals.

The case is before us pursuant to S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001), which requires the defendant to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  The defendant has not made this showing.  To the extent that the defendant presses his claim that he was wrongly found competent to proceed to a final probation surrender hearing, the termination of his probation renders that claim moot.  As to the determination that he is competent to stand trial on the pending criminal charges, the defendant can raise that issue in the ordinary course of appeal if he is convicted.  See Commonwealth v. Jones, 479 Mass. 1, 12-14 (2018) (reviewing competency determination on appeal from conviction).  If warranted, the asserted error "could be readily rectified through the normal process of appeal by vacating the defendant's conviction and ordering that the defendant not be retried unless and until he is legally competent."  Oliveira v. Commonwealth, 425 Mass. 1004, 1004 (1997) (affirming denial of extraordinary relief).  Because the defendant has an adequate remedy in the ordinary appellate process, the single justice did not commit an error of law or otherwise abuse his discretion by denying extraordinary relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.
Anne M. Stevenson for the petitioner.

Edward R. Soriano (defendant) appeals from a judgment of the county court dismissing his petition for relief under G. L. c. 211, § 3. We affirm.
In 2023, the defendant pleaded guilty to a number of criminal offenses and was sentenced to probation. In 2024, the defendant was charged with further offenses, and he was also held based on an alleged violation of probation. In January 2025, a District Court judge denied the defendant's motion for a declaration of incompetency, finding that he was competent to stand trial on the 2024 criminal charges and to proceed to a final probation surrender hearing. The defendant's G. L. c. 211, § 3, petition sought relief from that ruling. The day after the defendant filed his petition, a hearing took place in the District Court, at which his probation was terminated. In its opposition, the Commonwealth argued, inter alia, that the defendant's petition was moot due to the termination of probation and the scheduling of a further competency evaluation. The single justice dismissed the petition without prejudice, and the defendant appeals.
The case is before us pursuant to S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001), which requires the defendant to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The defendant has not made this showing. To the extent that the defendant presses his claim that he was wrongly found competent to proceed to a final probation surrender hearing, the termination of his probation renders that claim moot. As to the determination that he is competent to stand trial on the pending criminal charges, the defendant can raise that issue in the ordinary course of appeal if he is convicted. See Commonwealth v. Jones, 479 Mass. 1, 12-14 (2018) (reviewing competency determination on appeal from conviction). If warranted, the asserted error "could be readily rectified through the normal process of appeal by vacating the defendant's conviction and ordering that the defendant not be retried unless and until he is legally competent." Oliveira v. Commonwealth, 425 Mass. 1004, 1004 (1997) (affirming denial of extraordinary relief). Because the defendant has an adequate remedy in the ordinary appellate process, the single justice did not commit an error of law or otherwise abuse his discretion by denying extraordinary relief under G. L. c. 211, § 3.
Judgment affirmed.
The case was submitted on the papers filed, accompanied by a memorandum of law.
Anne M. Stevenson for the petitioner.

footnotes

[1] Commissioner of Probation.