WINIFRED SHERIFF, administratrix, *vs.* JOHN T. GILLOW
(and a companion case [1]).

Norfolk.   May 10, 1946. — June 29, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Negligence,* Motor vehicle, Contributory. *Damages,* For tort. *Practice,
Civil,* Damages, Reconsideration of decision.

A finding of negligence of the operator of an automobile was warranted
by evidence of the circumstances in which it overtook and struck in
the rear another automobile which had made a left turn out of an
intersecting street and had passed through the intersection.

In an action by the operator of an automobile which, after it had turned
to its left into and through a street intersection, was struck in the rear
by the defendant's automobile, a ruling was not required that the
plaintiff was "not in the exercise of due care" because of the facts
that he had looked to his right upon approaching the intersection,
had a clear vision of over three hundred feet, had failed to see the
defendant's automobile approaching, and then did not look again
to his right before entering the intersection.

An award of damages in the sum of $7,000 was not so excessive as to
constitute error of law where it appeared that injuries sustained in
an automobile accident had caused activation of a previously inactive
tubercular lesion of the plaintiff's lungs, so that he had become and
remained a patient in a tuberculosis hospital.

A judge sitting without jury, after finding for the plaintiff, was not shown
to have committed an error of law where, without hearing further
evidence, but before final judgment, he reconsidered his award of
damages at the request of the plaintiff and increased it to a sum
which, while not excessive on the evidence, was nearly double its
original amount.

TWO ACTIONS OF TORT, originally by William A. Sheriff.
Writs in the District Court of East Norfolk dated October
14, 1942.

The cases were heard by *Halloran,* J., who, among other
findings, found in substance that injuries sustained by the

---

[1] The companion case was one by the same plaintiff against the owner of
the automobile operated by Gillow, one William F. Toomey, in which the
plaintiff was awarded originally, and on revision of the finding, the same
amount of damages that was awarded against Gillow. Substantially the
same questions are presented by both cases.

original plaintiff caused activation of a previously inactive tubercular lesion of his lungs, so that he became and remained a patient in a tuberculosis hospital.

*R. F. Barrett*, for the defendants.

*M. J. Dray*, for the plaintiff, submitted a brief.

LUMMUS, J. The original plaintiff, hereinafter called the plaintiff, died pending the action, and it is now being prosecuted by the administratrix of his estate.

The plaintiff was hurt in a collision of an automobile operated by him with one operated by the defendant Gillow, hereinafter referred to as the defendant. Neither defendant offered any evidence. From the evidence for the plaintiff the following facts could have been found. The plaintiff was driving slowly along Penn Street in Quincy, and turned to his left into Center Street toward Braintree. As he did so he looked to his right up Center Street for several hundred feet and saw nothing. Having turned to the left, and having passed through the "point of intersection," as that expression was defined in *Fournier* v. *Zinn*, 257 Mass. 575, 578, 579, he was overtaken and hit in the rear by an automobile operated by the defendant, who was under the influence of liquor and driving about forty miles an hour on Center Street toward Braintree. The defendant saw the plaintiff before the latter made the turn. Plainly there was evidence of the defendant's negligence. The judge found for the plaintiff, and found expressly that he was not guilty of contributory negligence.

The judge refused to rule that the plaintiff was negligent as matter of law. She refused also to rule that "the plaintiff, by looking to his right upon approaching the intersection and having a clear vision for over three hundred feet and failing to see the defendant and then not looking again to his right before entering the intersection, is not in the exercise of due care." We do not pause to consider whether the latter request fell within the fragment rule. *Gregory* v. *Maine Central Railroad*, 317 Mass. 636, 641, 642. It may be that when the plaintiff looked to his right and failed to see the defendant's automobile which must have been in sight, he looked carelessly. But after that the plaintiff made a turn

to the left into and completely through the "point of inter-section," all in plain sight of the defendant, who was a sub-stantial distance to the rear.   If the plaintiff had seen the defendant when he looked, the plaintiff could nevertheless have been found free from negligence in making the turn as he did.   He had a right to expect to some extent careful driving on the part of the defendant.   It could have been found that any want of care of the plaintiff in looking was not a proximate cause of the collision.   *Gregory* v. *Maine Central Railroad*, 317 Mass. 636, 640, 642, 643.

After the trial, the judge held the cases under considera-tion for about two months, and then on September 27, 1943, found in favor of the plaintiff and assessed damages at $3,800.   Later the cases came on to be heard on motions for a new trial by the defendants based upon the ground that the findings were against the law, the evidence and the weight of the evidence and on motions for a new trial by the plaintiff based upon the alleged inadequacy of the dam-ages.   The plaintiff asked "a rehearing on, or a reargument of, the question of damages."   The judge denied the motions for a new trial.   No further evidence was heard or offered, although in terms she granted a rehearing as well as a re-argument of the matter of damages.   There was no reargu-ment after the motions for rehearing and reargument were granted.   But at the hearing on those motions there was a reargument of the matter of damages, and it does not appear that the defendants did not argue that question fully at that time or that they ever sought any further opportunity to argue it.   The judge, on September 21, 1945, increased the award of damages to $7,000 in each case.   It cannot be said that an award of damages in that amount was so excessive as to constitute error of law.   *Bartley* v. *Phillips*, 317 Mass. 35, 40, 43.

After deciding the cases on September 27, 1943, the judge was not required to entertain any motions for a new trial based, as those filed in these cases were for the most part based, upon a contention that the cases were decided wrongly upon the facts.   G. L. (Ter. Ed.) c. 231, § 129. The parties had tried and argued the cases once, and as of

right could not require the judge to reconsider the decision. But the power to reconsider the decision, even without any rehearing or reargument, remained in the judge until final judgment.    *Peterson* v. *Hopson,* 306 Mass. 597, 599–602. *Society of Jesus of New England, Inc.* v. *Josefson,* 307 Mass. 608.    *Fine* v. *Commonwealth,* 312 Mass. 252.    *DeLuca* v. *Boston Elevated Railway,* 312 Mass. 495, 496, 497.    *Graustein* v. *Barry,* 315 Mass. 518, 522.    *Bartley* v. *Phillips,* 317 Mass. 35, 39.    *Falzone* v. *Burgoyne,* 317 Mass. 493, 498.

Of course revision of a judicial decision is unfortunate even when necessary.    The censorious are likely to attribute it to instability of mind, or want of calm and considered judgment, or yielding to importunity.    Without undue delay after a trial a judge ought to give the case such careful and thorough consideration as to enable him to pronounce a matured judgment not easily to be shaken.

Nevertheless it is more important for a judge to do justice according to his oath and his conscience than to avoid adverse criticism.    If further reflection convinces him that he has erred in an announced decision, he ought to correct his error while he still has the power.    In the present cases the record shows no error on the part of the trial judge.    In each case the entry will be

*Order dismissing reports affirmed.*