Burnes, J.
This order addresses the respondent’s, Charles Hynes’s, motion for disclosure of information and statistics from the Office of the District Attorney for Middlesex County (“District Attorney”) for the purpose of pursuing a motion to dismiss on the ground of selective prosecution. The District Attorney has petitioned for Hynes’s commitment as a sexually dangerous person pursuant to G.L.c. 123A, §§12-16. Hynes asserts that the District Attorney has not filed petitions against any women who fit the terms of G.L.c. 123A, §1, the statutory section defining a “sexually dangerous person.” The Commonwealth opposes Hynes’s motion. For the following reasons, the respondent’s motion for disclosure of the requested information is ALLOWED.
A defendant may bring a motion to dismiss on the ground of selective prosecution. See Commonwealth v. Franklin, 376 Mass. 885, 894-95 (1978); Commonwealth v. Lafaso, 49 Mass.App.Ct. 179, 182-83 (2000); Commonwealth v. An Unnamed Defendant, 22 Mass.App.Ct. 230, 235-36 (1986).[1] Due to the presumption that all prosecutions are undertaken in good faith Wthout the intent to discriminate, the defendant bears the initial burden of presenting evidence of selective enforcement. See Franklin, 376 Mass. at 894; Lafaso, 49 Mass.App.Ct. at 182. “To be successful the defendant must show (1) ‘that a broader class of persons than those prosecuted has violated the law’; (2) ‘that failure to prosecute was either consistent or deliberate’; and (3) ‘that the decision not to prosecute was based on an impermissible classification such as race, religion, or sex.’ ” Lafaso, 49 Mass.App.Ct. at 182 (quoting Franklin, 376 Mass. at 894). “Once a defendant has raised a reasonable inference of selective prosecution, the Commonwealth must rebut that inference or suffer dismissal of the underlying complaint.” Lafaso, 49 Mass.App.Ct. at 182 (quoting An Unnamed Defendant, 22 Mass.App.Ct. at 235) (brackets omitted).
Hynes may be entitled to dismissal of the sexually dangerous person petition if he can prove that the petition resulted from the improper exercise of prosecutorial discretion. Therefore, the Court rules that the respondent is entitled to the requested discovery to pursue this claim. Accordingly, the respondent’s motion for disclosure is ALLOWED.

 Although Franklin, Lafaso and An Unnamed Defendant discuss selective enforcement in terms of criminal prosecutions, all three cases turn on the improper exercise of prosecutorial discretion. Because that is exactly the respondent’s contention — that he has been the victim of the improper exercise of prosecutorial discretion — the Court finds these cases relevant to its decision in this matter.