Burnes, J.

INTRODUCTION

The Middlesex District Attorney has petitioned for Hynes’s commitment as a sexually dangerous person pursuant to G.L.c. 123A, §§12-16. Hynes filed a motion for disclosure of information and statistics from the Office of the District Attorney for Middlesex County for the purpose of pursuing a motion to dismiss on the ground of selective prosecution. In a Memorandum of Decision and Order dated March 8, 2001, this Court allowed Hynes’s motion for disclosure [13 Mass. L. Rptr. 47). The Commonwealth now moves for reconsideration of the motion for disclosure based on the United States Supreme Court decision in United States v. Armstrong, 517 U.S. 456. For the reasons discussed below, the motion for reconsideration is ALLOWED. Upon reconsideration, Hynes’s motion for disclosure is DENIED.

BACKGROUND

Hynes wishes to file a motion to dismiss the petition against him on the ground of selective prosecution because the Middlesex District Attorney has not filed any Chapter 123A petitions against women meeting the statutory definition of a sexually dangerous person. In opposing Hynes’s motion for disclosure of statistics and other information from the Office of the District Attorney for Middlesex County, the Commonwealth simply argued that Hynes had no basis for a motion to dismiss because the filing of a Chapter 123A petition rests in the discretion of the prosecutor. The Commonwealth never argued that Hynes had failed to make a threshold showing sufficient to entitle him to the discovery sought.
In a Memorandum of Decision and Order dated March 8, 2001, this Court allowed Hynes’s motion for disclosure, noting that a complaint may be dismissed upon a showing that a broader class of persons than those prosecuted has violated the law, that the failure to prosecute was either consistent or deliberate, and that the decision not to prosecute was based on an impermissible classification such as race, religion, or sex. See Commonwealth v. Lafaso, 49 Mass.App.Ct. 179, 182 (2000). The Commonwealth now contends that Hynes has failed to make a sufficient threshold showing of selective prosecution to entitle him to the discovery sought in his motion to disclose.

DISCUSSION

Superior Court Rule 9D confers upon the court the discretion to reconsider a decision on an interlocutory motion, with or without a hearing. Where there has been no material change in circumstances, a court is not bound to reconsider a case, issue, or question of law once decided. King v. Globe Newspaper Co., 400 Mass. 705, 707, cert. den., 485 U.S. 940 (1987); Peterson v. Hopson, 306 Mass. 597, 599 (1940). Although the court has the power prior to final judgment to reconsider an interlocutory ruling, such power should be exercised only where there are compelling reasons to do so, and a judge should hesitate to undo her own work. King, 400 Mass. at 707-08; Peterson, 306 Mass. at 603. Nonetheless, it is most important for a judge to do justice according to her oath and her conscience and where a judge has erred in an announced decision, she ought to correct it while she still has the power. Sheriff v. Gillow, 320 Mass. 46, 49 (1946); Franchi v. Stella, 42 Mass.App.Ct. 251, 258, rev. den., 424 Mass. 1109 (1997). This court agrees with the Commonwealth that the issue of whether Hynes must make a threshold showing before obtaining discovery concerning selective prosecution is an important one, and presents a compelling reason to reconsider the motion for disclosure.
*345 A selective prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. United States v. Armstrong, 517 U.S. 456, 463 (1996). A selective prosecution claim asks a court to exercise judicial power over a special province of the executive branch, and courts are properly reluctant to examine the decision to prosecute. Id. at 464-65. A court order of discovery in a selective prosecution case imposes significant costs on the government, diverting prosecutorial resources and perhaps disclosing the government’s prosecutorial strategy. Id. at 468. Accordingly, the United States Supreme Court has established a rigorous standard for discovery in aid of a defendant’s selective prosecution claim. See id. Before a defendant is entitled to obtain such discovery, he must produce some evidence that similarly situated defendants of a different race, religion or sex could have been prosecuted but were not. Id. at 469; United States v. Gilbert, 75 F.Sup.2d 12, 13 (D.Mass. 1999); United States v. Tuitt, 68 F.Sup.2d 4, 6 (D.Mass. 1999). In establishing this threshold standard, the Supreme Court acknowledged the evidentiary obstacles faced by defendants, but opined that if a claim of selective prosecution were well founded, it should not be an insuperable task to prove that persons of another race, religion, or sex are being treated differently. Armstrong, 517 U.S. at 470. The threshold requirement that a defendant make a credible showing of different treatment of similarly situated persons “adequately balances the Government’s interest in vigorous prosecution and the defendant’s interest in avoiding selective prosecution.” Id.; Tuitt, 68 F.Sup.2d at 7.
Thus, for example, a study by the Federal Defender’s Office listing all the defendants prosecuted for cocaine offenses in a given year and stating that all such defendants were black was insufficient to meet the threshold for obtaining discovery of selective prosecution because it failed to identify non-black individuals who could have been prosecuted for the offenses with which the defendant was charged. Armstrong, 517 U.S. at 470. Further, an affidavit by an attorney defending drug prosecutions in the state was insufficient because it merely contained hearsay and personal conclusions based on anecdotal evidence. Id. In contrast, a showing that no white defendants were federally prosecuted for cocaine offenses during 1998 in the western section of the federal district, coupled with a showing that 30% of state court cocaine prosecutions in Hampden County during the same year were white defendants, was sufficient to warrant an order of discovery on the defendant’s claim of selective prosecution. Tuitt, 68 F.Sup.2d at 9, 18.
In the present case, Hynes’s only proffer with respect to selective prosecution under Chapter 123A is the conclusory statement that upon information and belief, the Middlesex District Attorney’s Office has never filed a sexually dangerous person petition against a woman. This clearly falls short of the threshold for obtaining discovery of selective prosecution because Hynes has failed to identify women against whom the Commonwealth could file a petition under Chapter 123A. See Armstrong, 517 U.S. at 469; Gilbert, 75 F.Sup.2d at 13; Tuitt, 68 F.Sup.2d at 6. Accordingly, Hynes is not entitled to the discovery of statistics and other information from the Office of the District Attorney of Middlesex County. Upon reconsideration, Hynes’s motion for disclosure must be denied.

ORDER

For the foregoing reasons, it is hereby ORDERED that the Commonwealth’s motion for reconsideration be ALLOWED. Upon reconsideration, it is ORDERED that Hynes’s motion for disclosure be DENIED and that this Court’s March 8, 2001 Memorandum of Decision and Order allowing said motion be VACATED.