WILLIAM SERNA *vs.* COMMONWEALTH. May 24, 2002. *Bail. Supreme Judicial Court,* Superintendence of inferior courts.

William Serna (defendant), pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), appeals from the denial of his petition under G. L. c. 211, § 3, by a single justice of this court. The defendant's petition sought relief from an order of a judge in the Superior Court denying him bail. We affirm the judgment denying relief.

The order in question was entered in the Superior Court. The defendant contends that the order violates G. L. c. 276, § 58, under which he claims he has a statutory right to have bail set while awaiting trial. That statute, however, has no application because, by its terms, it does not address, or purport to govern, the setting of bail in the Superior Court. Rather, § 58 applies only to bail determinations by a "justice or a clerk or assistant clerk of the *district court,* a bail commissioner or master in chancery" (emphasis added).

The order was entered under G. L. c. 276, § 57, which applies to a "justice of the supreme judicial court or superior court, a clerk of courts or the clerk of the superior court for criminal business in the county of Suffolk, a standing or special commissioner appointed by either of said courts or, in the county of Suffolk, by the sheriff of said county with the approval of the superior court, a justice or clerk of a district court, [or] a master in chancery." Unlike § 58, which is limited to the District Court, § 57 applies to justices of the Supreme Judicial Court, the Superior Court and the District Court.[1] The defendant has presented no argument that the judge lacked authority under § 57 to enter the order, or that the judge otherwise could not enter such an order under § 57. The defendant also does not challenge the basis for the judge's ruling, nor does he complain of any inadequacy in the procedural protections he was afforded. Accordingly, there is no ground to conclude that the single justice erred in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

*J. Thomas Kerner* for the defendant.
*Brian J.S. Cullen*, Assistant District Attorney, for the Commonwealth.

---

[1]There is some ambiguity in the reference to the District Court appearing in *both* G. L. c. 276, § 57 and § 58, which we need not resolve for purposes of the case before us. One possible interpretation is that § 58 governs release on personal recognizance without surety, setting forth the presumption that defendants appearing in the District Court will normally be released without any cash bail or surety required, whereas § 57 governs bail for those who are not entitled to release on personal recognizance under § 58. Section 58 contains some cross-references to the setting of bail under § 57 (see § 58, first par. and third par.), suggesting that the District Court "admit[s] [such person] to bail on his personal recognizance without surety" under § 58 and releases a defendant on a cash bail under § 57. Again, the precise resolution of the interplay between the two sections for a defendant brought before the District Court is not necessary to the resolution of the present case.