Agnes, Peter W., J.
1. Introduction. The defendant, Edni Colon, is charged by indictment with several drug offenses including Trafficking in Cocaine, a Class B Controlled Substance, in excess of 200 grams. Bail was set by this court on a previous date at $25,000 cash or $250,000 surety. The defendant posted that bail and had been on release in this case until yesterday. Yesterday, the defendant was arraigned in the Clinton District Court on an assault and batteiy offense (Docket No. 1068CR00848) allegedly involving a minor skirmish between the defendant and another inmate committed in May 2010 while the defendant was being held at the Worcester County House of Correction. The Clinton District Court (Brennan, J.) *285 set a cash bail of $2,000 on this charge and revoked the defendant’s bail and confined him without bail for up to sixty days on the Superior Court charges pursuant to G.L.c. 276, Section 58, para. 3. The Clinton Court also ordered the defendant to be transported to the Superior Court today for further proceedings.
2. Review of the District Court’s order. Bail revocation may be ordered under the third paragraph of G.L.c. 276, Section 58 when the judge makes findings that there is probable cause to believe that while “on release pending the adjudication of a prior charge,” the defendant committed a new offense and that his release again would “seriously endanger” a particular person or the community. See Paquette v. Commonwealth, 440 Mass. 121, 134 (2003) (upholding constitutionality of the statute and noting that revocation decision can be based on information contained in a police report). In such a case, the judge who enters the revocation order cannot set a date for its expiration sooner than the sixtieth day. Commonwealth v. Pagan, 445 Mass. 315, 323 (2005). Moreover, neither the judge who enters the order nor another trial court judge can review such an order. Id. at 321 & n.5. Therefore, although the Superior Court has jurisdiction to review ordinary bail orders by justices of the district or juvenile courts, the Superior Court lacks jurisdiction to review a bail revocation order entered under the third paragraph of G.L.c. 276, Section 58. In extraordinary circumstances (e.g., discovery that defendant is not the true perpetrator), reconsideration by the judge who entered the revocation order is permissible. Id. at 324.
3. Alternative grounds for relief. The Massachusetts Constitution guarantees the “privilege and benefit of the writ of habeas corpus” and mandates that it be made available “in the most free, easy, cheap, expeditious and ample manner ...” Massachusetts Constitution, Part II, c. 6, art. 7. This guarantee is embodied in G.L.c. 248, Section 1. When a person seeks release from unlawful restraint following a criminal conviction, the remedy is ordinarily a motion for relief under Mass.R.Crim.P. 30(a) (“Any person who is imprisoned . . . may, at any time, as of right, file a written motion requesting the trial judge to release him . . . upon the ground that the confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts”). See also G.L.c. 248, Section 1. The distinction between the two remedies in modem criminal practice is that habeas corpus is available when there is an allegation that the petitioner is entitled to immediate release from custody and the grounds for relief are distinct from errors in the indictment, trial, conviction or sentence. See Averett, petitioner, 404 Mass. 28, 30 (1989). In the present case, the Commonwealth concedes that the defendant was not on release on bail or personal recognizance when he is alleged to have committed the assault and battery. The parties agree that at the time of the assault and battery, the defendant was confined in the House of Correction on a cash bail awaiting trial. The Commonwealth further concedes that there are no other facts and circumstances in this case that would make the defendant eligible for a bail revocation under G.L.c. 276, Section 58, para. 3. Under the circumstances, the bail revocation order entered on July 26, 2010 is invalid and unlawful and the defendant is to be restored to the status he was in before that order was entered. This result does not include any review or consideration of whether the defendant is a danger to any particular person or to the communiiy.
ORDER
For the above reasons, the defendant must be released from custody on the above indictments because he has posted $25,000 cash bail and this court, after a hearing, does not regard the new offense of assault and battery to be a sufficient reason for increasing the bail. The defendant shall remain in custody unless and until he posts the $2,000 cash bail on the district court case.