COMMONWEALTH *vs.* BRANDON GEORGE. August 11, 2011. *Supreme Judicial Court,* Superintendence of inferior courts. *Bail. Moot Question. Practice, Civil,* Moot case.

Brandon George appeals from a judgment of a single justice of this court dismissing the Commonwealth's petition for relief under G. L. c. 211, § 3. We affirm.

George was charged with receiving stolen property and other offenses in the Central Division of the Boston Municipal Court Department. He was released on his personal recognizance. He was subsequently charged and arraigned on other, unrelated offenses in the West Roxbury Division of the same court. A judge in that division revoked his recognizance and set bail. At a pretrial hearing in the Central Division, at George's request, the Central Division judge again ordered that George be released on personal recognizance. The Commonwealth then filed its G. L. c. 211, § 3, petition, seeking relief on the ground that the Central Division judge lacked authority to rescind the order of the West Roxbury Division judge revoking George's recognizance.[1] In response, George requested that the single justice reserve and report the Commonwealth's petition to the full court. While the matter was pending,

---

[1] It does not appear on the record before us that there has been any ruling on the motion to suppress.

[1] The Commonwealth also requested that the Central Division judge be enjoined "from making any further orders under the bail statute or in regards to bail." The Commonwealth later withdrew this request.

the Central Division judge reconsidered his order and ruled that only the West Roxbury Division judge could reconsider his own order. See *Commonwealth* v. *Pagan*, 445 Mass. 315, 324 (2005). It appears that George did not seek relief from the Central Division judge's order on reconsideration. In addition, the Central Division charges were resolved as follows: the charge of receiving stolen property was dismissed; a charge of drinking alcohol in public was filed without a change of plea; and George pleaded guilty to a charge of disorderly conduct. The Commonwealth filed memoranda suggesting that its G. L. c. 211, § 3, petition had become moot due to these events in the trial court. The single justice agreed and dismissed the Commonwealth's petition as moot.

George has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Bypassing the question whether the rule applies in these circumstances,[2] we conclude that the single justice did not err or abuse his discretion. The sole interlocutory ruling before the single justice was the Central Division judge's order releasing George on personal recognizance, allegedly contrary to the West Roxbury Division judge's bail order. The Central Division judge's subsequent reconsideration of his order rendered moot the Commonwealth's petition. George was free to seek relief from the order on reconsideration, including by filing his own G. L. c. 211, § 3, petition, but did not do so. The propriety of the order on reconsideration is not before us. George's principal argument now is that the single justice should have reserved and reported the Commonwealth's petition to the full court despite its mootness. The single justice, however, had broad discretion to decide whether to reserve and report the matter to the full court and was by no means obligated to do so. See *McMenimen* v. *Passatempo*, 452 Mass. 178, 189 (2008) (Superior Court judge's decision not to report interlocutory ruling to Appeals Court was "highly discretionary").

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Michael Quirk & Karen Hurvitz* for the defendant.

---

[2]Supreme Judicial Court Rule 2:21 (1), 421 Mass. 1303 (1995), provides: "When a single justice denies relief from a challenged interlocutory ruling in the trial court and does not report the denial of relief to the full court, the party denied relief may appeal the single justice's ruling to the full court." Here, the single justice technically did not deny relief, but dismissed the Commonwealth's petition. Even if we were to interpret the dismissal of the petition on the ground of mootness as a denial of relief from the Central Division judge's interlocutory ruling, "the party denied relief" was the Commonwealth, not George.

