Edward **ALCORN,** Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 94–CA–604–MR.

Court of Appeals of Kentucky.

May 19, 1995.

Case Ordered Published by
Court of Appeals June 30, 1995.

Rehearing Denied July 14, 1995.

Discretionary Review Denied by
Supreme Court Dec. 14, 1995.

J. David Niehaus, Deputy Appellate Defender, Louisville, Daniel T. Goyette, Dist. Public Defender, Louisville, for appellant.

Chris Gorman, Atty. Gen., E.M. Lowery, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and DYCHE and McDONALD, JJ.

LESTER, Chief Judge.

This is an appeal from a judgment entered upon a guilty plea pursuant to RCr 8.09 to the offense of using a minor in a sexual performance and imposing a probated sentence of five years imprisonment.

According to a thirteen-year-old boy, D.T., Edward Alcorn had approached the youngster several times at Holy Name ball field with an offer of money to accompany him to the men's room where D.T. would expose his genitals while he, Alcorn, masturbated himself. D.T. did this several times with appellant.

■ Alcorn was indicted under KRS 531.310(1) which provides in subsection (1):

A person is guilty of the use of a minor in a sexual performance if he employs, consents to, or authorizes or induces a minor to engage in a sexual performance.

KRS 531.300(5) defines "performance" as meaning:

. . . any play, motion picture, photograph or dance. Performance also means any other visual representation exhibited before an audience;

while KRS 531.300(6) states:

"Sexual performance" means any performance or part thereof which includes sexual conduct by a minor;

In accepting the conditional plea, the trial court acknowledged that appellant could challenge the conviction by raising the issues of whether one person can constitute an audience and whether D.T.'s acts were a "performance."

There can be little or no argument that the Legislature sought to prohibit the sexual exploitation of minors including such deviate behavior as Alcorn engaged in in the presence of a child. This would be especially true where the actor used the child in any manner whatsoever whether he physically touched him or not. In an effort to escape the consequences of his action, appellant presents us with six standard dictionary definitions of audience, all of which indicate the presence of more than one person. This is all well and good but bearing in mind the purpose of the statute, we are all too aware that many types of deviate acts do not take place in the presence of two or more people. We hold that for the purposes of KRS 531.300(5) an audience may consist of one person, such as the accused herein.

■ KRS 531.300(5) also provides that performance means "any other visual representation" and we are unable to agree with Alcorn that D.T.'s exposure of his genitals at the behest of appellant is not a visual representation.

The fact that the child had no physical contact with appellant does not absolve him of guilt. *Gilbert v. Commonwealth*, Ky., 838 S.W.2d 376 (1992).

The judgment is affirmed.

All concur.