## COMMONWEALTH *VS.* JEFFERY BUNDY.[1]

Bristol. February 5, 2013. - June 13, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Minor. Obscenity,* Child pornography. *Practice, Criminal,* Required finding. *Evidence,* Sexual conduct, Expert opinion. *Witness,* Expert. *Words,* "Live performance."

At the trial of an indictment charging posing or exhibiting a child in a state of sexual conduct in violation of G. L. c. 272, § 29A (*b*), the evidence was sufficient to sustain the defendant's conviction, where the victim's act of masturbation, which was performed facing a camera connected to the Internet that broadcast the image to the defendant for him to view, constituted an exhibit as well as a similar activity comparable to an exhibit, satisfying the statutory definition of performance [543-544]; where the jury reasonably and permissibly could have inferred that the victim's act of masturbating had been displayed on the defendant's television screen and viewed by him, such that the act occurred before, i.e., in front of, though not necessarily in the physical presence of, at least one person [544-545]; and where the jury reasonably could have inferred that the victim was masturbating and thus engaging in sexual conduct under the statute [545-546]; further, this court concluded that expert testimony was not necessary on the use and operation of the video game console and its accessories, through which the camera was connected to the Internet, where, even if a lay juror lacked personal experience using such a video game console, the juror could, from common experience and knowledge, understand the concepts [546-547].

INDICTMENT found and returned in the Superior Court Department on December 11, 2008.

The case was tried before *Robert J. Kane,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Diana Cowhey-McDermott* for the defendant.

*William R. Connolly,* Assistant District Attorney, for the Commonwealth.

---

[1]As is our custom, we spell the defendant's name as it appears in the indictment.

IRELAND, C.J. On November 4, 2010, a Superior Court jury convicted the defendant, Jeffery Bundy, on an amended indictment charging him with posing or exhibiting a child in a state of sexual conduct, G. L. c. 272, § 29A (b).[2] The case was tried under the "live performance" prong of the statute. Represented by new counsel on appeal, the defendant argues that the judge erroneously denied his motion for a required finding because the Commonwealth did not prove that the victim's conduct satisfied the statutory definition of a "live performance." The defendant also maintains that expert testimony was required to aid the jury in understanding how the alleged "live performance" had occurred. We transferred the appeal to this court on our own motion. We reject the defendant's arguments, affirm the judge's order denying the defendant's motion for a required finding of not guilty, and affirm his conviction.

1. *Background.* Based on the Commonwealth's evidence, considered under the standard set forth in *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), the jury could have found the following facts.[3] The conduct occurred in 2008, when the victim, a boy, was ten years of age. The defendant was thirty-four years of age. The victim and the defendant each owned "Xbox" video game consoles that allowed them to connect over the Internet for the purpose of playing multiplayer video games. Players who own a "vision camera" and headset also may engage in private "live chat." These accessories are plugged into various ports of the Xbox. The camera is then mounted anywhere in the range of its connecting cable. Assuming two players are engaging in private live chat, the camera displays two images on the television screen, the image of each user. If the camera is angled on each user, respectively, then

---

[2]General Laws c. 272, § 29A (b), provides in relevant part: "Whoever . . . hires, coerces, solicits or entices, employs, procures, uses, causes, encourages, or knowingly permits such child to participate or engage in any act that depicts, describes, or represents sexual conduct for the purpose of representation or reproduction in any visual material, or to engage in any live performance involving sexual conduct, shall be punished . . . ." The statute applies to persons under eighteen years of age. *Id.* See G. L. c. 272, § 31 (defining "[m]inor" as "a person under eighteen years of age").

[3]The judge denied the defendant's motion for a required finding of not guilty made at the close of the Commonwealth's evidence.

each user is able to see both images. The images appear live, without delay.

The victim met the defendant online while playing a multi-player video game. Thereafter, the victim invited the defendant to become his "friend," and the defendant accepted, thereby enabling the two to engage in private live chat. The victim and the defendant first began live chatting in June, 2008. Thereafter, the victim asked the defendant his age. The defendant stated that he was twenty-three or twenty-four years of age. The defendant then asked the victim his age; the victim informed the defendant that he was ten years of age. The two also exchanged cellular telephone numbers. Thereafter, the victim telephoned the defendant and the two also would communicate by engaging in private live chat.

About one month after the victim and the defendant started live chatting, the defendant pulled down his pants and started masturbating. This incident occurred at night, at approximately 11 P.M. The victim told the defendant that he should pull his pants up, and the defendant walked away. On three other occasions, the defendant exposed himself and began masturbating during a private live chat with the victim. On one occasion, the defendant suggested that the victim "try it." The victim complied and saw his penis appear on the television screen. The victim stopped because he felt "weird."

In August, 2008, the victim and the defendant once again were engaged in a private live chat. The victim was in his room with the door shut and his twin sister was sleeping in the bed they shared. The defendant was masturbating and the victim attempted to do the same. The victim could see his penis on the television screen, which was also viewable to the defendant. At some point, the victim's mother entered the room and gasped. She saw the defendant masturbating on the television screen and saw her son with his underpants pulled down to his upper thighs, moving his arm up and down. The defendant got up and shut off his camera and the television screen went blank. The victim's parents reported the incident to police.

The defendant did not testify. His nephew, however, did. The defendant's nephew lived with him at the time and never saw the defendant do anything inappropriate during live chats that

he (the nephew) observed between the defendant and the victim. The defendant's nephew testified that, in some of these live chats (not more than five), the victim "mooned" the defendant, who responded by turning off the gaming system and by reprimanding the victim once for "inappropriate" behavior. The defendant's trial counsel argued that the victim and his mother were not credible witnesses, and that the allegations could not be true in view of the fact that people were "coming and going" "day and night" out of the defendant's living room, where the gaming system was located. In his final charge, the judge instructed the jury,[4] in pertinent part:

> "This indictment, in shorthand terms, charges the defendant with engaging a child in a live performance involving sexual conduct. . . . Our State Legislature specifically defined this crime in a statute, specifically, G. L. c. 272, § 29A (*b*), that in part states as follows: 'Whoever either with knowledge . . . that a person is a child under [eighteen] years of age or while in possession of such facts that he should have reason to know that such person is a child under [eighteen] years of age, solicits or entices, procures, uses, encourages, or knowingly permits such child to participate or to engage in any live performance involving sexual conduct shall be punished.' Turning to this case, in order to prove [the defendant] guilty of this crime, the Commonwealth must convince you of the following four elements. First, that [the victim] was then under eighteen years of age. Second, that the defendant . . . had knowledge that [the victim] was a child under eighteen years of age or the defendant was in possession of facts that he should have had reason to know that [the victim] was a child under eighteen years of age. Third, that the defendant either solicited or enticed, caused or encouraged, or knowingly permitted [the victim] to engage in a live performance.[5] Fourth, that [the victim] engaged in a live performance involving sexual conduct."

---

[4]The judge and counsel spent considerable time preparing the jury instructions, with the judge noting that there was little material to guide him.

[5]The judge clarified that the language of this element "is in the disjunctive so grammatically or by syntax the way [he should] have this stated is that the defendant . . . either solicited or enticed or caused or encouraged or knowingly permitted."

The judge went on to define the elements with more particularity. Concerning the word "engage," the judge instructed that the term "means to become involved in an activity where the activity here identified in the statute [is] a live performance." The word "performance," the judge explained, "means any play, dance, exhibit or such similar activity performed before one or more persons." Turning to the fourth element, the judge instructed:

> "Sexual conduct includes the activities of human masturbation, sexual intercourse, actual or simulated, normal or perverted[;] [a]ny lewd exhibition of the genitals[;] and any lewd touching of the genitals. The phrase 'human masturbation' means either the activity of manual stimulation of the genitals to orgasm or the activity of manual stimulation of the genitalia without orgasm. Otherwise stated, the Commonwealth satisfies its burden of proof if it proves beyond a reasonable doubt that [the victim] engaged in either the activity of manually stimulating his genitals or the act of stimulating his genitalia to orgasm."

The judge continued:

> "Additionally, in proving this element, the Commonwealth must establish beyond a reasonable doubt that it was [the defendant's] specific intent to solicit, entice, cause or encourage [the victim] to engage in a live performance involving sexual conduct. In determining whether the defendant possessed such a specific intent, you may consider all the facts and circumstances, including the defendant's acts and statements. The statute also permits the Commonwealth to establish alternatively that the defendant knowingly permitted [the victim] to engage in a live performance involving sexual conduct. As to the term 'knowingly,' follow my previous instruction on the definition of 'knowingly.' "[6]

Last, the judge instructed that the jury "are not to consider whether [the victim] consented to such participation. Consent is not an issue in this case."

---

[6]The judge also had previously defined the terms "[g]eneral intent" and "specific intent."

2. *Discussion.* a. *Sufficiency of the evidence.* The defendant contends that the facts were insufficient to withstand a motion for a required finding of not guilty. He also argues that no "performance" occurred within the meaning of G. L. c. 272, § 29A (*b*).[7] We first address the construction of the term "performance" under the statute.

General Laws c. 272, § 29A (*b*), as relevant here, provides: "Whoever . . . hires, coerces, solicits or entices, employs, procures, uses, causes, encourages, or knowingly permits such child . . . to engage in any live performance involving sexual conduct, shall be punished . . . ." A "[p]erformance" means "any play, dance, exhibit, or such similar activity performed before one or more persons." G. L. c. 272, § 31. The term "[s]exual conduct" includes "human masturbation." *Id.*

The defendant argues that no "performance" occurred because the victim's act of masturbation was not a "similar activity" comparable to a "play, dance, [or] exhibit," and because it did not take place before "one or more persons." G. L. c. 272, § 31. In construing the statute, "[w]hen the statute's language is plain and unambiguous, we afford it 'its ordinary meaning.' " *Commonwealth* v. *Pagan*, 445 Mass. 315, 319 (2005), quoting *Commonwealth* v. *Brown*, 431 Mass. 772, 775 (2000). "Where the draftsmanship of a statute is faulty or lacks precision, it is our duty to give [it] a reasonable construction." *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. 617, 622 (1983), quoting *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n*, 385 Mass. 70, 79-80 (1982). We "must construe the statute 'in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' " *Capone* v. *Zoning Bd. of Appeals of Fitchburg*,

---

[7]Although the defendant did not present this argument below in support of his motion for a required finding of not guilty, we consider the issue because a conviction based on insufficient evidence amounts to a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Bell*, 455 Mass. 408, 411 (2009). See also *Commonwealth* v. *Kerns*, 449 Mass. 641, 650-651 (2007) (although substantive issue on construction of statute not raised below, issue should be decided because misconstruction of statutory element could lead to wrongful acquittal of defendant from which Commonwealth would have no remedy and to incorrect instructions on law of case).

*supra* at 622-623, quoting *Industrial Fin. Corp.* v. *State Tax Comm'n*, 367 Mass. 360, 364 (1975).

The Legislature enacted G. L. c. 272, § 29A, in order "to protect minors from exploitation." *Commonwealth* v. *Bean*, 435 Mass. 708, 711 (2002). It defined the term "performance" as "any play, dance, [or] exhibit" and also by including that action which encompasses "such similar activity." The noun "exhibit" means "an act or instance of exhibiting: display." Webster's Third New International Dictionary 796 (1993). The phrase "such similar activity" is a broad term. When construed together, the term "performance" includes any similar activity comparable to a display. Here, the victim's act of masturbation was not done in isolation or for only himself to see. Rather, it was done facing a camera attached to a device that, through an Internet connection, resulted in the image being broadcast to the defendant for him to view. In the circumstances, we conclude that the victim's act of masturbation constituted an "exhibit" as well as a "similar activity" comparable to an exhibit, satisfying the statutory definition of a "performance" under the statute.

The defendant also asserts that no "performance" under the statute occurred because the victim's act did not take place "before one or more persons." To circumvent the plain meaning of "one," the defendant argues that he, as the person who enticed or encouraged the performance, must be excluded as a member of the audience. In support of his contention, the defendant cites *Braun* v. *State*, 911 P.2d 1075 (Alaska Ct. App. 1996). This case, however, is not instructive as the statute at issue did not define the term "performance" and looked to a New York statute that required a "performance" be in front of an "audience," which was not defined.[8] *Id.* at 1081 & n.4, quoting New York Penal Law § 263.00[4]. Our statute expressly defines a "performance" as occurring "before one or more persons." G. L. c. 272, § 31. There is nothing ambiguous about this

---

[8]Not all similar State statutes define an "audience" as more than one person. See *Ladd* v. *State*, 715 So. 2d 1012, 1013, 1015 (Fla. Dist. Ct. App. 1998) (where "performance" defined as "visual representation exhibited before an audience," jury instruction defining "audience" as "[a]n individual" correctly stated law); *Alcorn* v. *Commonwealth*, 910 S.W.2d 716, 717 (Ky. Ct. App. 1995) (holding that "audience" required for "performance" "may consist of one person, such as the accused").

language, and we decline the defendant's invitation to rewrite the statute.

We add that a "performance" does not expressly or implicitly require the physical presence of "one or more persons." In view of the advances in technology, a violation of the statute may occur without the defendant's physical presence in the victim's bedroom where the act of masturbation took place. See *Commonwealth* v. *Hall*, 80 Mass. App. Ct. 317, 323-324 (2011) (although concluding that evidence was insufficient to support conviction of child enticement, court noted that "[i]t is now true that, by means of modern digital and telephonic technology, a defendant also need not be physically present . . . to achieve an intended purpose of obtaining illicit photographs"). The Legislature's interest in protecting minors from sexual exploitation should not turn on the medium used (or not used in the case of actual presence). To hold otherwise would allow persons who sexually exploit children to evade prosecution so long as they do so with the use of technology. We cannot interpret statutory language in a vacuum, ignoring the Legislature's purpose in enacting the statute and oblivious to "the time in which [the language] is used." *Perry* v. *Commonwealth*, 438 Mass. 282, 285 (2002), quoting *Auditor of the Commonwealth* v. *Trustees of Boston Elevated Ry.*, 312 Mass. 74, 76 (1942).

Turning to the Commonwealth's evidence, the victim's act of masturbating was transmitted (through the gaming console and accessories, and Internet) to the defendant for him to view. The victim's mother testified that, when she entered her son's room on the night in question, she saw, on her son's television screen, the defendant masturbating and the victim moving his arm up and down with his underpants pulled down. After the victim's mother gasped, the defendant got up and turned off his camera and the screen went blank. In view of this evidence, it was both reasonable and permissible for the jury to infer that the victim's act of masturbating had, in fact, been displayed on the defendant's television screen and viewed by him, thus satisfying the statutory requirement that the victim's act of masturbation occurred before — that is, in front of, though not necessarily in the physical presence of — at least *one* person.

The defendant also contends that there was insufficient

evidence that the victim actually engaged in masturbation under the statute because the victim testified that, at the time of the alleged incident, he was going to try masturbating again, but his mother walked in so he stopped. The defendant's argument fails. The defendant ignores other testimony of the victim, that he did on that occasion try masturbating and saw his own penis appear on the television screen. The defendant's argument also overlooks the testimony of the victim's mother, who, on entering her son's bedroom, observed him with his underpants pulled down to his upper thighs and moving his arm up and down. From this evidence, the jury reasonably could have inferred that the victim did more than "attempt to masturbate," but rather actually engaged in masturbation.[9] See *Commonwealth* v. *Adams*, 421 Mass. 289, 290-291 (1995) (in determining sufficiency of evidence, Commonwealth is permitted to rely on reasonable inferences drawn from circumstantial evidence). The evidence was sufficient to prove that the victim was masturbating and thus engaging in "sexual conduct" under the statute.[10]

b. *Expert testimony.* Contrary to the defendant's contention, no expert testimony was necessary on the use and operation of an Xbox and its accessories. Expert testimony is ordinarily required when the subject of the testimony "is beyond the common knowledge or understanding of the lay juror." *Commonwealth* v. *Sands*, 424 Mass. 184, 186 (1997). The victim testified extensively about the operation of the Xbox and its accessories, and the Commonwealth supplemented his testimony

---

[9]We adopt the judge's formulation of what constitutes "masturbation" under the statute. No ejaculation is required.

[10]The defendant does not challenge the sufficiency of the evidence that the victim was a child under eighteen years of age, see note 2, *supra*, or that he (the defendant) had knowledge (or was in possession of facts that he should have had reason to know) that the victim was a child under eighteen years of age. Indeed, there was evidence that, in addition to the victim's statements to the defendant that he was ten years of age, the defendant admitted to a sheriff that he believed the victim was about the same age of his son who was then eight years of age. On the facts of this case, the judge correctly instructed the jury that the victim's consent was not an issue because the victim was not of an age where he legally could consent to any conduct within the reach of the statute. That may not always be the case in other circumstances, such as, for example, when two teenagers over sixteen years of age engage in masturbation in the presence of each other. See G. L. c. 265, § 23; G. L. c. 277, § 39. The Legislature, thus, may choose to revisit the reach of G. L. c. 272, § 29A (*b*).

with photographic evidence and testimony from another witness. There was ample, uncontested testimony that the private live chat function, together with the use of a Web camera, allowed for a live, uninterrupted broadcast between Xbox users that displayed the live image of each user on each user's television screen. Even if a lay juror did not have personal experience using an Xbox, a lay juror, from common experience and knowledge, could understand those concepts. The jury were not left to engage in conjecture.

3. *Conclusion.* We affirm the judge's order denying the defendant's motion for a required finding of not guilty and the defendant's conviction.

*So ordered.*