After a bench trial, the defendant was convicted of two counts of posing a child in a state of nudity for purposes of representation or reproduction in visual material, and possession of child pornography. See G. L. c. 272, §§ 29A (a ) & 29C. On appeal he contends that his convictions were duplicative because possession of child pornography is a lesser included offense of posing a child in a state of nudity. We affirm.
We apply the now familiar elements-based approach to the analysis of a claim of duplicative convictions set forth in Commonwealth v. Vick, 454 Mass. 418, 434-435 (2009). "The traditional rule in Massachusetts, as embodied in Morey v. Commonwealth, 108 Mass. 433, 434 (1871) (Morey ), and its progeny, is that 'a defendant may properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not.' Commonwealth v. Valliere, 437 Mass. 366, 371 (2002).... As long as each offense requires proof of an additional element that the other does not, 'neither crime is a lesser-included offense of the other, and convictions on both are deemed to have been authorized by the Legislature and hence not [duplicative].' " Id. at 431, quoting Commonwealth v. Jones, 382 Mass. 387, 393 (1981).
Applying an elements-based approach, G. L. c. 272, § 29C, is not a lesser-included offense of G. L. c. 272, § 29A. Each provision of the statute requires proof of an element (or several elements) that the other does not. General Laws c. 272, § 29C, prohibits the possession of visual media depicting child pornography (as specifically defined by the statute), see Commonwealth v. Kenney, 449 Mass. 840, 850 & n.8 (2007), while G. L. c. 272, § 29A, prohibits posing and exhibiting a child in a state of nudity "with 'lascivious intent' " for the purpose of representation or reproduction in visual material. Commonwealth v. Bean, 435 Mass. 708, 711-712 (2002). Section 29C requires possession of visual media depicting child pornography, while § 29A does not. Section 29A requires posing (or participating in or enabling the posing of) a child in a state of nudity for purposes of visual reproduction, which § 29C does not.
Specifically, § 29A (a ) prohibits any person from, with lascivious intent, hiring, coercing, soliciting or enticing, employing, procuring, using, causing, encouraging, or knowingly permitting a child to be posed or exhibited in a state of nudity for the purpose of representation or reproduction of any visual material. Section § 29C does not require a showing of lascivious intent. Nor does it require that the person possessing the child pornography pose or exhibit the child, or hire, coerce, solicit, entice, employ, procure, use, cause, encourage, or knowingly permit the child to be depicted in the photograph to be posed or exhibited in a state of nudity.
The defendant contends that we should modify the Vick test in child pornography cases because the moment the child is photographed, "the act of taking a picture with a cell phone and then possessing the image are so closely related in fact as to constitute in substance only one crime." However, the Legislature has clearly chosen to criminalize both the posing of the child and the possession of the picture, even if the two offenses arise from a single event. As the Supreme Judicial Court succinctly stated, "the harm sought to be proscribed by § 29A is the conduct involved in photographing a child nude or semi-nude, not the photographs themselves." Commonwealth v. Oakes, 407 Mass. 92, 97 (1990). See Commonwealth v. Bundy, 465 Mass. 538, 544 (2013), quoting Bean, 435 Mass. at 711 ("The Legislature enacted G. L. c. 272, § 29A, in order 'to protect minors from exploitation' "). Possession of the photographs themselves is a separate crime proscribed by § 29C.
The reason for this is plain. Possessing child pornography is one type of offense, which focuses on the defendant's conduct in maintaining a collection or cache of child pornography, conduct which is offensive to society, even if the defendant has no direct contact with the child. See Commonwealth v. Traylor, 472 Mass. 260, 268-269 (2015) ; Commonwealth v. Rollins, 470 Mass. 66, 72-74 (2014). The act of posing a child in a state of nudity for the purpose of reproduction inflicts a different and particular type of harm to the child. The child endures being compelled to pose in the nude for someone who possesses lascivious intent, for the purpose of memorializing the moment of abasement in a permanent visual reproduction. It is the harm to the child that the statute is intended to punish and prevent. Cf. Commonwealth v. Casbohm, 94 Mass. App. Ct. 613, 619 (2018) ("[T]he crime of ... possessing with intent to disseminate[ ] a store of material is easily distinguished from the crime of producing the matter and, as part of that conduct, repeatedly subjecting a child victim to acts causing humiliation").
It is "the legislative prerogative to define crimes and fix punishments." Vick, 454 Mass. at 434. The elements of the offenses are separate and the purposes of the statutory offenses are distinct. We see no reason to construe Vick to compel a different result.
We reject the defendant's additional argument that the evidence is insufficient because there was some evidence that someone else may have taken pictures of the child posed in a state of nudity. Viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), the evidence was sufficient. The photographs were on a cell phone recovered from the defendant's person, and several photographs show a hand bearing the defendant's ring pulling back the child's clothing.
Judgments affirmed.